[S. F. No. 899.   Department One.—September 14, 1898.]

W. G. McGINTY, Appellant, v. C. H. MORGAN, Respondent.

MECHANIC'S LIEN—NOTICE OF LIEN—STATEMENT OF CONTRACT.—A notice of lien filed by a contractor with whom the owner of a lot contracted directly for the erection of a house thereon, the terms of the contract being fully known to the owner, is not rendered invalid by omitting to state that the contract price was to be paid in installments as the work progressed, if no incorrect statement of the terms of the contract was made, and no time was given, or condition existed, other than that stated in the notice, and it stated the correct amount of the contract price, and the amount paid thereon, which exceeded the amount of the installments. Such notice substantially complied with section 1187 of the Code of Civil Procedure, and entitled the contractor to enforce the lien for the unpaid part of the purchase price.

ID.—CONSTRUCTION OF CODE—"TERMS, TIME GIVEN, AND CONDITIONS OF CONTRACT."—The provisions of section 1187 of the Code of Civil Procedure, that the notice of lien shall contain a statement of the "terms, time given, and conditions of the contract," is not to be construed as requiring a statement of all the details of the contract, but is to have a reasonable construction in view of the purpose for which it is required; and the statute, being remedial, is to receive a liberal construction, for the purpose of carrying its object into effect, and the notices required to be given thereunder have regard to substance rather than to form.

ID.—EXTRA WORK—ADMISSION OF PLEADINGS.—A statement in the notice of lien that extra work was performed for an agreed price is supported by an allegation of that fact in the complaint, and its admission by failure of the answer to deny it.

ID.—FORECLOSURE OF LIEN—ORDER GRANTING NEW TRIAL—LIMITATION OF GROUND TO INSUFFICIENCY OF NOTICE—APPEAL.—An order granting a new trial, after the rendition of a judgment foreclosing a lien in favor of the contractor, which is expressly limited to the ground of the insufficiency of the notice of lien, will be reversed upon appeal, where it appears from the record that the notice was sufficient; and such limitation in the order precludes the contention upon appeal that the order may have been granted for insufficiency of the evidence to support the findings.

APPEAL from an order of the Superior Court of Santa Clara County granting a new trial. W. G. Lorigan and John Reynolds, Judges.

The facts are stated in the opinion of the court.

Will M. Beggs, and W. C. Kennedy, for Appellant.

William P. Veuve, for Respondent.

HARRISON, J.—The superior court rendered judgment in favor of the plaintiff for the foreclosure of a mechanic's lien upon certain property of the defendant, and afterward, upon motion of the defendant, granted a new trial. From this order the plaintiff has appealed. The motion was made upon several statutory grounds, but in its order the court limited the ground upon which it was granted to the insufficiency of the notice of lien which was filed with the county recorder, in that it failed to contain a statement of the "terms, time given, and conditions of the contract."

The plaintiff contracted directly with the defendant for the erection of a one-story, five-roomed cottage upon a lot of land belonging to the defendant, for the sum of seven hundred and forty dollars, of which five hundred dollars was to be paid as the work progressed, and the balance when the house was finished. The defendant paid to the plaintiff two hundred and fifty dollars during the progress of the work, and the further sum of three hundred dollars at its close, and upon his refusal to pay the remainder the plaintiff, within thirty days after the completion of the building, filed with the county recorder his claim of lien, which contained the following statement of the terms, time given, and conditions of said contract: "That said house was to be erected, to consist of five rooms, and to be finished in a workmanlike manner, for the agreed price of seven hundred and forty dollars. That in addition extra work for the agreed price of five dollars was performed." The respondent contests the sufficiency of this notice, upon the ground that it does not state that the plaintiff agreed to furnish all the material and labor for the house (except painting), and does not state that the contract price was to be paid in installments as the work progressed.

The provision of section 1187 of the Code of Civil Procedure, that the notice of lien shall contain a statement of the "terms, time given, and conditions of the contract," is not to be construed as requiring a statement of all the details of the contract, but is to receive a reasonable construction, in view of the purpose for which it is manifestly required. The statute is a reme-

dial statute, and, for the purpose of carrying into effect the object for which it was enacted is to receive a liberal construction, and the notices, which under its provisions are required to be given, have regard to substance rather than to form. (*Corbett v. Chambers*, 109 Cal. 184.) In *Wagner v. Hansen*, 103 Cal. 104, it was said: "The purpose of the record and statement must be to inform the owner, in case of a contractor and laborers rendering services under such contract, as to the extent and nature of a lienor's claim, to facilitate investigation as to its merit." The present case is not one where the owner is brought into relation with the claimant by reason of labor performed for or materials furnished to another person, of which he has only such knowledge as is given by the notice of lien which is filed. Here the owner contracted for the improvement directly with the person claiming the lien, and therefore had full knowledge of the terms of the contract. It is not contended that the claimant made an erroneous statement of the terms of the contract in his notice of lien, or that there was any time given, or condition thereto, other than as stated in the notice—the claim being that he did not set forth that the contract price was to be paid in installments as the work progressed. He did, however, state the correct amount of the contract price, and the amount that had been paid thereon, and this exceeded the amount of these installments. We are of the opinion that there was a substantial compliance with the above provision of section 1187, and entitled him to enforce the lien. (See *Jewell v. McKay*, 82 Cal. 144.) It is alleged in the complaint that the plaintiff performed extra work for the agreed price of five dollars, and this allegation is not denied by the defendant in his answer. This admission supports the statement in the notice of the claim for extra work.

The express limitation of the ground upon which the order granting a new trial was made, to the insufficiency of the notice of lien, forecloses the defendant from contending that the order may have been granted upon the ground that the evidence was insufficient to support the findings. The errors of law presented by the respondent need no consideration.

The order is reversed.

Garoutte, J., and Van Fleet, J., concurred.

Hearing in Bank denied.