[Civ. No. 1859. First Appellate District.—January 10, 1917.]

## F. W. SAWYER, Appellant, v. L. H. McROSKEY, Respondent.

ACTION FOR PRICE OF STOCK—ORDER GRANTING NEW TRIAL—ISSUE OF DELIVERY AND SALE—CONFLICT OF EVIDENCE—AFFIRMANCE OF ORDER. An order granting a new trial in an action to recover the purchase price of corporate stock alleged to have been sold by plaintiff to defendant, and which the defendant claimed had never been delivered, and if so, the sale had been rescinded, will not be disturbed on appeal, where the motion was based upon all the statutory grounds, and the evidence adduced upon the whole case created a substantial conflict on the issue of delivery and sale.

ID.—ORDER GRANTING NEW TRIAL—CONFLICTING EVIDENCE—APPEAL.— An order granting a new trial will not be disturbed on appeal, where the motion was made on all the statutory grounds, including the insufficiency of the evidence to support the findings, and the evidence shown to be in substantial conflict.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

F. W. Sawyer, for Appellant.

F. H. Dam, for Respondent.

LENNON, P. J.—This was an action for the purchase price of fifty-one shares of a certain corporation alleged to have been sold by the plaintiff to the defendant. The defense was that there was no delivery and that there was no sale; and that if there had been a sale the ·sale was rescinded. Upon the trial of the case, the plaintiff's evidence tended to show that there had been a delivery of the stock and a subsequent refusal to pay for the same. Upon behalf of the defendant there was some evidence tending to show that there had been no delivery. The trial court made its findings in favor of the plaintiff, finding that there had been a delivery and a completed sale. A motion for a new trial was made by the defendant based upon all the statutory grounds, including the insufficiency of the evidence to support the findings, which motion was granted. The appeal is from the order granting such motion, and in its consideration of course all of the grounds of the motion are involved in order to test the correctness of the order. Do you concede, Mr. Sawyer, that there was evidence adduced upon the trial in the court below sufficient to have supported a finding in favor of the defendant?

Mr. Sawyer (Plaintiff in Person) : No.

Mr. Presiding Justice Lennon: The evidence is conflicting?

Mr. Sawyer: I hardly think so. The evidence shows by the defendant's own testimony—by Mr. Dam's testimony in the matter, that there was a delivery of the stock.

Mr. Presiding Justice Lennon: Conditional?

Mr. Sawyer: Well, that may be.

Mr. Presiding Justice Lennon: That creates a conflict, does it not?

Mr. Sawyer: Is it a substantial conflict in the face of an agreement to pay five hundred dollars and the defendant repudiated his contract? The stock was actually delivered to Mr. Dam, and he was to pay the five hundred dollars the next morning. Mr. Sawyer went to Mr. Dam's office for the five hundred dollars, and immediately the contract was repudiated. A party who repudiates his contract by refusing to pay cannot rescind.

Mr. Presiding Justice Lennon: But Mr. Dam was not the purchaser; he was merely the attorney for the purchaser; and his testimony was to the effect that the stock was delivered to him conditionally and not absolutely.

Mr. Sawyer: That is the effect of his testimony, but I think that does not make a substantial conflict in the testimony.

Mr. Presiding Justice Lennon: If there was a conditional delivery to Mr. Dam, who was not the purchaser, then there was no absolute delivery as you allege.

Mr. Sawyer: He was the agent for the purchaser.

Mr. Presiding Justice Lennon: If the delivery was conditional it was not absolute.

Mr. Sawyer: Of course, if that is the view your honors take about that matter, I of course am out on that theory, but I think there was not a substantial conflict.

Mr. Presiding Justice Lennon: Wasn't there some evidence in the record that the plaintiff, subsequent to the alleged sale and delivery involved here, had commenced an action to restrain the sale of that stock for the nonpayment of an assessment, and in effect averred in the allegations of the complaint in that action that he was still the owner of the stock?

Mr. Sawyer: Yes, but also qualified with a statement in the complaint that the action was commenced to protect the stock against an illegal assessment.

Mr. Presiding Justice Lennon: That was evidence against the plaintiff tending to show that he was still the owner of the stock, and negatived the claim of a sale and delivery as alleged in the complaint in this action. That was some evidence which would, in a measure, have supported a finding in favor of the defendant had the court so found in the first instance.

Mr. Sawyer: That is sufficient evidence in your opinion to make a conflict?

Mr. Presiding Justice Lennon: Not that alone, but we think that all of the evidence adduced upon the whole case created a substantial conflict; and the rule is, wherever there is a conflict in the evidence, and a finding might be rightfully made either way, and the lower court grants a new trial in general terms—as it did in this case—its discretion is absolute, and cannot be interfered with by this court. (*Wendling Lumber Co.* v. *Glenwood L. Co.,* 153 Cal. 411, 416, [95 Pac. 1029].)

Mr. Sawyer: That is the only question, as to whether there was a substantial conflict. You have stated the facts better than I could, and whether there was a substantial conflict is entirely with your honors.

Mr. Presiding Justice Lennon (Mr. Justice Kerrigan and Mr. Justice Richards Concurring) : We are satisfied that the case is as we have stated it generally, that there is a substantial conflict in the evidence, and therefore the discretion of the trial court in granting a new trial grounded in part upon the insufficiency of the evidence, cannot be disturbed by this court. For that reason the order appealed from is affirmed. It is further ordered that the statement of the case, the views of counsel and the conclusion of the court as expressed upon the oral argument of the case be transcribed by the stenographic reporter, and that said transcription be filed as the opinion of the court.