[Civ. No. 5965.  First Appellate District, Division Two.—November 17, 1927.]

WALLACE S. DALTON, Appellant, v. P. B. GARDNER, Respondent.

(1)

Warren L. Williams and Seymour S. Silverton for Appellant.

E. O. Leake for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to obtain a decree dissolving a copartnership and for an accounting. The defendant appeared and answered and filed a counterclaim. The trial court made findings in favor of the defendant and judgment was entered thereon. From that judgment the plaintiff has appealed.

In his complaint the plaintiff alleged the formation of the partnership; that the plaintiff and defendant commenced to transact business; and that the defendant had been guilty of numerous wrongful acts, among others that he had misappropriated the partnership funds. In his answer the defendant denied each of the alleged wrongful acts and then, as an affirmative defense, he pleaded that the plaintiff was guilty of fraud in inducing the defendant to become a copartner.

On the trial of the case the plaintiff called the defendant as a witness and proceeded to examine him under the provisions of section 2055 of the Code of Civil Procedure. He also called Mr. Wilson, the fiduciary agent of the partnership. On the hearing the trial court proceeded to take an accounting without referring the taking of an account to a referee and without making an interlocutory decree. Both parties acquiesced in the procedure and the record presents no objection or exception on the subject. The findings are numerous. All of the issues made by the pleadings are found upon. The fourth finding is as follows: "The court further finds that an accounting was had of the profits and losses of said business up to and including the month of January, 1924, and that plaintiff and defendant up to said time received from said business the sum of one hundred and 26/100 (100.26) dollars; that since said

time no accounting has been had between the parties.'' The sixth finding is as follows: ''The court further finds that all of the partnership debts have been paid and that there are no assets, and that a full accounting has been had between the partners.'' The plaintiff contends that the findings are contradictory and for that reason that the judgment should be reversed. The vice in that contention is that both findings are wholly without the issues made by the pleadings. ██ Findings outside of the issues made by the pleadings, it has been held in numerous decisions, are nugatory. ██ The plaintiff quotes findings nine to eighteen, inclusive, and contends that they are not sustained by the evidence. Those findings are in response to the allegations of the defendant's pleading in which he charged that he had been imposed upon by the fraudulent misrepresentations made by the plaintiff inducing him to become a partner. The defendant cites us to many passages showing that there was evidence introduced supporting, or tending to support, each of the findings. Under these circumstances this court may not disturb the judgment.

██ After the cause had been submitted the defendant applied for permission, and the permission was granted, authorizing the defendant to amend his answer. At this time the plaintiff asserts that it was error for the trial court to grant the permission. In this behalf it may be remarked that the nature of the amendment was purely formal to make the pleadings conform to the proof. As we understand the plaintiff, it is his contention that the amended pleading operated to allow the defendant to take a money judgment against a copartner without first causing an accounting to be had. But the assumption of the plaintiff is a misconception of the record. As stated above, the trial court took the accounting. It is conceded that the partners themselves settled their accounts down to February 1, 1924. The defendant was in charge of the business from February 1, 1924, to June 12, 1924, and produced his accounts covering that period. At the same time he brought forward $792.64 and, on the order of the court, paid it over to the receiver. From June 12, 1924, to August 27, 1927, Mr. K. C. Wilson was in charge of the business, having been appointed by the defendant. He came forward with his accounts and the moneys on hand and turned them

over. The record discloses that a receiver was appointed by the trial court after the complaint was filed. The record does not disclose that any one item on any one of the several accounts was disputed. Neither party claimed that he was personally entitled to any of the moneys, but that all of the moneys on hand were needed to pay the debts and were so used. After the above accounts had been rendered, and after the moneys were collected, the receiver paid the debts and the court made a finding that all of the debts of the partnership had been paid, and that there are no assets. It is clear, therefore, that an accounting has been had and that the principle for which the plaintiff contends has not been violated.

Moreover, the amount for which the trial court rendered judgment in favor of the defendant was based on his cause of action for alleged false representations. That cause of action was created in the proceedings collateral to and prior to any rights growing out of the partnership relation, whereas the principle for which the plaintiff contends is applicable to liabilities and claims arising out of the partnership relation. (30 Cyc. 461.)

The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 16, 1928.

All the Justices concurred.