[Civ. No. 9407. Second Appellate District, Division Two.—May 31, 1934.]

DEMETRIO MORALES, Appellant, v. L. W. BLINN LUMBER COMPANY et al., Respondents.

Frankley & Spray, W. H. Abrams and Elmer Guy for Appellant.

George L. Greer for Respondents.

DESMOND, J. — Under instructions of the trial court, the jury in this case rendered a verdict in favor of defendants L. W. Blinn Lumber Company and R. R. Hughes.

This action was taken at the close of plaintiff's case, upon defendants' motion and without any evidence being submitted by them. Plaintiff appeals.

Appellant, employed by one Kransler, was working on a lot abutting upon the east side of Santa Fe Avenue in the city of Los Angeles. Kransler had leased a portion of this lot for use as a junk yard. Through Santa Fe Avenue runs a railroad track in a northerly and southerly direction, with a spur leading to the east through the lot above mentioned and immediately adjacent to the junk yard. A driveway within the lot crosses this spur-track in a southerly direction. Directly blocking this roadway on the day in question was a gondola freight-car, that is, a car without a top and with solid sides rising approximately five feet from the flat body of the car. Kransler, assisted by his son and the appellant, proposed to haul this gondola to the east along the spur-track so that the driveway would not be blockaded. To accomplish this they drove a White truck into a position on the spur-track directly east of the gondola, and appellant, under instructions of his employer, then undertook to attach the two by means of a chain. In the performance of that work he bent or crouched down at the east end of the freight-car. While this operation was going on the motor of the truck was left running. In the meantime defendant Hughes, driver of a truck belonging to respondent company, entered the yard, driving easterly along the spur-track to a point west of the gondola, where he stopped. Shortly thereafter he drove forward and shoved the gondola ahead by means of his truck, thereby pinning appellant between the easterly end of the gondola and the White truck, inflicting injuries for which this action was brought.

Although Hughes testified that he saw two men on the top of the gondola, that he heard the motor of the White truck and that he knew the truck was in front of the gondola, he not only failed to leave his seat in the machine which he operated and go forward to inspect conditions at the east end of the gondola, but there is no evidence that he called out to the Kransler crew or gave them any warning that he intended to shove the car toward the east. At the time the Kranslers, father and son, and appellant began the job of pulling the gondola easterly on the spur-track,

the Blinn Lumber Company's truck was not in the yard; and appellant testified that at no time did he see that machine or know that it was in the yard until after the accident.

█ The complaint, of course, is predicated upon the negligence of the defendants, and the answer sets up contributory negligence on the part of appellant. Under the facts above recited, we believe the determination of the questions, "Were defendants negligent?" and "Did the plaintiff proximately contribute to his injury by his own negligence?" should have been committed to the jury. As to the latter of these two questions the comment of the court in *O'Connor* v. *United Railroads,* 168 Cal. 43, at page 48 [141 Pac. 809, 811], is pertinent: "As a general rule, whether a person has exercised ordinary care or not is to be left to the jury to be determined by them from all the circumstances surrounding him at the time." As to the former see 19 California Jurisprudence, 591 et seq.

Judgment reversed.

Archbald, J., *pro tem.,* concurred.

CRAIG, Acting P. J., Dissenting.—I dissent. Where a new trial is granted for alleged insufficiency of evidence, unless it clearly appears that there was an abuse of discretion it is the rule that on appeal the order will not be disturbed. (*Sawyer* v. *McRoskey,* 32 Cal. App. 489 [163 Pac. 336]; *Puget Sound Lumber Co.* v. *Krug,* 89 Cal. 237 [26 Pac. 902]; *Schramm* v. *Southern Pacific Co.,* 87 Cal. 425 [25 Pac. 481].) "To withhold a case from the jury is no greater interference than to set aside their verdict." (*Bohn* v. *Pacific Electric R. Co.,* 5 Cal. App. 622 [91 Pac. 115]; *Lynch* v. *Pacific Electric R. Co.,* 32 Cal. App. 689 [164 Pac. 20].)

The trial court instructed the jury to return a verdict for the defendants, which it did. The motion for an instructed verdict was based upon two grounds, lack of evidence to sustain the allegation of negligence on the part of defendants and contributory negligence. The court's ruling was general, and for the purposes of this proceeding must be assumed to have been on both grounds. Adverting to the first, the question presents itself: Was the trial court

justified in believing that the defendant Hughes, situated as he was, acted as an ordinarily reasonable and prudent man would have acted?

Viewed from Hughes' place in the picture, the record before us shows it to be as follows: There was a gondola freight-car directly blocking a roadway which crosses a spur-track and passes over a lot used to store junk and other materials; Hughes, driving a truck, entered the lot on the roadway and approached the gondola from the rear; he saw two men on top of the gondola; a person called "Scotty" came out, went away and came back, putting a four by four timber across the rear end of the gondola; whereupon Hughes ran his truck against it, and when the car moved, followed up, shoving the gondola about ten feet away; "Scotty" was standing on the side and called out to stop, which Hughes did; he did not see the truck ahead of the gondola or hear the motor running until he had moved forward and the accident had occurred. An important factor which should not be overlooked is that the record discloses that diagrams were drawn and witnesses marked thereon, indicating positions and objects in such a manner that the trial judge might properly determine their importance and bearing on the issues; and this the appellate court cannot do. To my mind the trial court may well have concluded that Hughes' conduct was not negligent and that the circumstances were not such as to have required of a reasonable and prudent man that he should alight from his truck and go forward to inspect the ground in front of the gondola to discover whether or not someone might be there; and it is not suggested that he could be regarded as negligent in any other way than in the possible omission of taking such a precaution.

There is no evidence indicating that Hughes' acts were wilful or wanton. The law of comparative negligence is not recognized by the courts of this state. (*Schooley* v. *Fresno Traction Co.*, 56 Cal. App. 705 [206 Pac. 481], and cases there cited.) It is the duty of an ordinarily prudent man, before placing himself in a position of danger, to look in the direction from which such danger may be anticipated. This duty of watchfulness is a continuing one. (*Moss* v. *H. R. Boynton Co.*, 44 Cal. App. 474 [186 Pac. 631].)

In viewing the situation with the purpose of determining how the events occurred from the plaintiff's standpoint, and as to whether or not he was guilty of contributory negligence, we see this: The gondola was standing in the driveway; Kranslers, father and son, and Morales went about to remove it; the White truck was placed in front of it; Morales bent down in front of the gondola to attach a chain; it is true that he was doing this under directions of his employer, but this fact is of no importance as between Morales and defendants; beside him and engaged in the same work were the two Kranslers, all in between the gondola and the White truck; this truck was standing with no one on it and its motor was running; the gondola started to move forward; Robert Kransler saw it move, got out of the way, pulled his father out and while so doing shouted to Morales, who apparently did not realize what was happening and did not move. According to Robert Kransler, the gondola moved very slowly—barely moved at all. The White truck and the gondola were about six or eight feet apart when the latter started to move. Morales was caught between the two and injured. He states that he did not know of the approach of the truck driven by Hughes, and neither he nor the men with him used any care or caution. He knew the gondola car was in the way of traffic on the driveway, and he at no time looked to see if any other truck was approaching.

Clearly the trial court cannot be said to have abused its discretion in construing this evidence as showing contributory negligence on the part of plaintiff.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 30, 1934.