[Civ. No. 10215. Second Appellate District, Division One.—September 27, 1935.]

DEMETRIO MORALES, Appellant, v. L. W. BLINN LUMBER COMPANY (a Corporation) et al., Respondents.

Frankley & Spray and W. H. Abrams for Appellant.

George L. Greer for Respondents.

EDMONDS, J., *pro tem.*—This action brought by appellant to recover damages for personal injuries has previously been before this court, and a judgment for the defendants entered upon a directed verdict was reversed. (139 Cal. App. 53 [33 Pac. (2d) 16].) The present appeal is from a

judgment in favor of the respondents lumber company and Hughes, its employee, after a second trial.

■ Appellant urges a number of points as grounds for reversal of the judgment, but they are all based upon the assumption that the evidence justifies only one finding concerning the facts of the case. The record, however, shows the evidence to be conflicting, and the finding of the trial court that the respondent Hughes was not negligent in his operation of the lumber company's truck is amply supported. That a finding to the contrary would also be supported furnishes no ground for a reversal of the judgment.

The accident occurred on the property of Layne & Bowler Company, a part of which had been leased to one Kranzler for the purpose of conducting a junk business. The Blinn Company's truck driven by Hughes entered the property with a load of lumber for the Layne & Bowler Company. It could not proceed to the point where the lumber was to be delivered because there was a railroad car in the way. This car had been spotted for the use of Kranzler, who was loading junk into it.

One Thompson, a shipping clerk for Layne & Bowler, went out to receive the load of lumber, and told Hughes that he would have the car moved. He then went to Kranzler and told him to move the car. This Kranzler attempted to do with a dump truck, to which the car was attached by a chain. Assisting him were his two sons and Morales, appellant here.

According to the testimony of Thompson, after several unsuccessful attempts had been made by Kranzler and his men to move the car, he said to them: "We have got to get the car moved, and, so, we will have the Blinn man give us a hand." Thompson then went back to the lumber truck, where Hughes had remained in the driver's seat, and asked Hughes to give the railroad car a push. A 4x4 block was placed between the truck and the car to provide means for applying the force. On a signal from Thompson, Hughes drove the truck against the block. The car started, but the block came out. At this time one of the Kranzler sons came back from the dump truck where he had been working and held the block against the car for a second push. The car continued to "inch" along very slowly and moved a total distance of less than twelve feet. However, appellant was caught between the railroad car and the dump truck and was injured.

■ Appellant contends that Hughes owed him the duty to use ordinary care to keep from injuring him, and that this duty was not performed, because Hughes admitted that he gave no signal or warning before starting his truck. Appellant was entitled to notice that the car was to be pushed, but if that notice was actually given to him by Thompson, he cannot complain because it was not imparted by Hughes. "Notice of warning is not necessary where the danger is obvious, or the person injured has actual notice thereof." (45 Cor. Jur. 876, sec. 306.) This rule is based upon sound reason. For instance, where an injured person knows of the approach of a car, the failure of the railroad company operating it to sound an alarm has no causal connection with the accident. (*Starck* v. *Pacific Electric Ry. Co.*, 172 Cal. 277, 282 [156 Pac. 51, L. R. A. 1916E, 58].)

The record before us contains ample evidence to support the implied finding of the trial court that notice of the moving of the car was given to appellant and those working with him. In addition to the testimony of Thompson, one of the Kranzler sons testified that Thompson told him, his father, his brother, and Morales, that the Blinn lumber truck was going to push the car. And from the evidence in the case, a finding that this notice or warning had been given is not necessarily inconsistent with the court's finding that appellant was not negligent.

Appellant seeks to bring himself within the rule that railroad companies are liable for damages caused when they move cars without notice. What has been said concerning the evidence of notice or warning disposes of this point.

■ The further contention is made that Hughes and the lumber company were both trespassers and volunteers, and are liable for any injury committed by them. Assuming that Hughes was either a trespasser or a volunteer, respondents are not liable to the appellant, unless Hughes was negligent in the operation of his truck, and, as has been pointed out, the evidence in this case supports the finding of the trial court that he was not negligent.

The whole question of Hughes' negligence was one for the determination of the trial court from the evidence in the case, and its findings are controlling here. The rule is thoroughly settled and has been stated as follows:

" 'It has often been said by this court that it is very rare that a set of circumstances is presented which enables a court to say, as a matter of law, that negligence has been shown. As a general rule, it is a question of fact for the jury, an inference to be deduced from the circumstances of each particular case, and it is only where the deduction to be drawn is inevitably that of negligence that the court is authorized to withdraw the question from the jury.' (*Hoff* v. *Los Angeles Pacific Co., supra* (158 Cal. 596 [112 Pac. 53]), quoting from *Seller* v. *Market St. Ry. Co.*, 139 Cal. 268 [72 Pac. 1006].) " (*Gregg* v. *Western Pac. R. R. Co.*, 193 Cal. 212, 225 [223 Pac. 553, 558].)

The judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.