[Civ. No. 21552.   Second Dist., Div. One.   Sept. 19, 1956.]

STANLEY LONG, Appellant, v. GEORGE E. NEWLIN et al., Respondents.

John C. Packard and Arthur C. Fisher for Appellant.

Paul L. Zimmerman, Arthur M. Bradley and Francis C. Whelan for Respondents.

WHITE, P. J.—This is an action upon a common count for money had and received. It was instituted to recover the sum of $40,000 allegedly had and received by defendants for the use of J. F. Burke, plaintiff's assignor. By their answers defendants denied any indebtedness to plaintiff or his assignor.

The cause was tried upon the theory that defendants by false and fraudulent representations obtained from J. F. Burke the sum of $36,276.55 to form a partnership or joint venture to promote a certain tool, made to wash perforations and to wash out sand from behind perforations in oil wells, thereby increasing their production. That upon discovering the alleged falsity of the representations, plaintiffs' assignor rescinded the transaction. The cause proceeded to trial before the court sitting without a jury, resulting in a judgment for plaintiff in the sum of $36,276.55. Each defendant moved for a new trial, which motions were granted through entry by the court of the following order: "the motion of defendant Rhae E. Foust for a new trial herein, and the motion of defendants George E. Newlin and J. C. Theriot for a New Trial herein heretofore submitted July 22, 1955, *are granted upon the grounds of insufficiency of the evidence to show that it was not necessary to have an accounting.*"

From such order plaintiff prosecutes this appeal.

We deem it unnecessary to narrate in detail the factual background surrounding this litigation because the sole question presented to us on this appeal is whether it was necessary to have an accounting of the business before plaintiff could recover. If it was then the motions for a new trial were properly granted. Defendants urge that the motions for a new trial having been granted on the ground of insufficiency of the evidence, the order should not be disturbed under the well established rule that a motion for a new trial rests peculiarly within the discretion of the trial court and cannot be disturbed on appeal in the absence of a clear showing of abuse. With that rule we are in thorough accord, but it is not applicable here because the order is expressly limited to

the ground of insufficiency of the evidence as to the legal necessity for an accounting and will be reversed where it appears from the record that under the law, an accounting between the parties was not required. Such limitation in the order precludes the contention on appeal that the order may have been granted for insufficiency of the evidence to support the findings (*McGinty* v. *Morgan,* 122 Cal. 103, 105 [54 P. 392] ; *Parker* v. *Womack,* 37 Cal.2d 116, 123 [230 P.2d 823] ). In the instant proceeding, in order to recover, the burden rested upon plaintiff to prove, (1) assignment to plaintiff; (2) payment of money to defendants by plaintiff's assignor; (3) that payment was made under false representations; and (4) rescission upon discovery of fraud. Upon the trial, the court determined that plaintiff had met the foregoing burden and that decision is not here open to question because the motions for a new trial were granted solely upon the ground that plaintiff offered insufficient evidence as to the necessity for an accounting. This presents a legal question as to whether, when a contract of partnership is rescinded it is extinguished and whether under such circumstances the rule that a partner cannot maintain an action at law against his copartners on a partnership transaction applies.

■ We are satisfied that respondents' contention that one partner cannot bring an action against another except for dissolution of partnership cannot be sustained, where as here, the very existence of the partnership is in issue. In the case at bar, when appellant's assignor determined that he had been the victim of false and fraudulent representations he took immediate steps to rescind the contract. Civil Code, section 1689, subdivision 1, authorizes a party to rescind a contract when his consent was obtained by fraud, while section 1688 of the same code provides that a contract is extinguished by its rescission. ■ And a contract of copartnership can be rescinded in the same manner and for the same causes as other contracts (68 C.J.S., p. 422). ■ The effect of a rescission is to void the contract *ab initio.* ■ In other words, the effect of the election of plaintiff's assignor to avoid the contract of partnership for the fraud practiced upon him is, that, as between the parties there has never existed any copartnership, although of course, having held himself out as an apparent member of the partnership prior to rescission thereof, appellant is not excused from his liability to the creditors of the copartnership. ■ Under Corporations Code,

section 15039, subdivision (c), the party entitled to rescind a partnership is also entitled to be indemnified by the person guilty of the fraud or misrepresentation against all debts and liabilities of the partnership.

We are persuaded that the reason for requiring an accounting as a condition precedent to an action at law between partners is not present in the case now engaging our attention. The principal reason for requiring an accounting and settlement between copartners as a condition precedent to an action at law by one against another is that a dispute of that nature ordinarily involves the taking of a partnership account to determine whether the plaintiff is not liable to refund more than he claims in the particular action and because in partnership transactions a partner does not as a rule become a creditor or debtor of the copartner but of the firm. In the present case, an accounting would be meaningless and accomplish nothing. As pointed out by appellant, "The taking of an account in this case could not in any manner, shape or form change the liability of defendants to return the money to plaintiff which they obtained from him by fraud. If the account should show the partnership business was run at a loss the defendants would still owe plaintiff his money and if the partnership business was run at a profit the defendants would still owe plaintiff his money. When plaintiff elected to rescind the transaction it avoided the contract and as between the parties it was as if they had never been partners." None of the cases relied upon by respondents militate against what we have herein stated. True, the cited cases held, as contended by respondents, that partners may not sue "one another at law in respect to any of the business of the partnership or to recover damages from one or the other of the copartners for a breach of the partnership agreement," but none of the cases hold that a partner remains a partner after rescission of the contract of partnership.

We are impressed that the action now engaging our attention comes within the rule announced in 40 American Jurisprudence 460, as follows:

"The test is whether the damages resulting from the breach of the covenant or stipulation in the partnership agreement belongs exclusively to the other partners and not to the firm and can be assessed without taking an account of the partnership business; when this test can be met, an action at law lies

at the instance of the injured partner against the other for the damages sustained."

The order granting a new trial is reversed.

Doran, J., and Fourt, J., concurred.

A petition for a rehearing was denied October 15, 1956, and the petition of respondent Rhea E. Foust for a hearing by the Supreme Court was denied November 14, 1956.