[Civ. No. 20901. First Dist., Div. Two. Sept. 16, 1963.]

JOHN PETER COVO, Plaintiff and Appellant, v. SAMUEL L. LOBUE et al., Defendants and Respondents.

Timothy A. O'Connor and Roy W. Krickeberg for Plaintiff and Appellant.

Popelka, Graham & Hanifin and Geoffrey Van Loucks for Defendants and Respondents.

SHOEMAKER, Acting P. J.—Plaintiff John Peter Covo appeals from a judgment of dismissal entered upon the sustaining without leave to amend of a demurrer to his first amended complaint.

Plaintiff's amended complaint purports to set forth two separate causes of action: Count I alleges that Shearer had leased from Berryessa 60 acres of pastureland in Santa Clara County, for raising some 60 head of cattle, and employed plaintiff to care for them; that defendants Lobue were the owners of real property contiguous to the property leased by Shearer; that on July 27, 1959, these defendants, without the authority, permission or consent of Berryessa or Shearer, directed and ordered their employee and servant, Santa Clara Sand and Gravel Company, to enter upon the Berryessa property for the purpose of constructing a road; that defendant company entered the Berryessa property, removed 300 feet of the barbed wire fence standing upon this land, and commenced constructing a road; that defendant company then proceeded to remove large quantities of earthen materials and to damage and destroy 30 or 40 oak trees; that the earth so removed and the branches, stumps and roots of the trees were dumped into a creek running through the Berryessa property; that on July 28, 1959, some of Shearer's cattle began to wander across the creek toward the gap in the fence; that plaintiff, in his capacity as Shearer's employee, was forced to go into the creek in an effort to drive the cattle

away from the break in the fence; that in so doing, plaintiff became entangled among the earth and trees piled in the creek and was caused to fall, sustaining severe personal injuries. Count II differed from Count I only in that it was alleged that defendants Lobue *negligently* directed their employee to enter upon the Berryessa property, and said employee *negligently* removed portions of the fence. Plaintiff sought $25,000 as damages for the injuries which he had sustained.

Defendants Lobue demurred generally to the complaint.

Before turning to a detailed examination of appellant's complaint, we call attention once again to the rule that a general demurrer should not be sustained if the pleading, liberally construed, states a cause of action on any theory. (*Lloyd* v. *California Pictures Corp.* (1955) 136 Cal.App.2d 638, 643 [289 P.2d 295].) The mere fact that the plaintiff's attorney may be an inept pleader does not justify the dismissal of an action. (*M. G. Chamberlain & Co.* v. *Simpson* (1959) 173 Cal.App.2d 263, 267 [343 P.2d 438].)

Even where the defect is one of substance, a demurrer should not be sustained without leave to amend if there is a possibility that subsequent amendments will supply omitted allegations and the plaintiff has not had a fair opportunity to do so. (*Loper* v. *Flynn* (1946) 72 Cal.App.2d 619, 623-625 [165 P.2d 256].)

In the light of these rules, we are convinced that the complaint in the instant case was not so fatally deficient as to justify the sustaining of respondents' demurrer after appellant had made only one attempt to amend. To the contrary, the trial court's ruling appears to have been the result of considerable confusion on the part of both appellant and respondents as to whether the complaint sounded in trespass or negligence. In clarifying this issue, it must be noted that appellant was on the Berryessa property as an employee of the lessee. Under such circumstances, he was clearly not in possession of the property and was not entitled to institute an action for trespass to recover for injury to the property. (*Lightner Mining Co.* v. *Lane* (1911) 161 Cal. 689, 694-695 [120 P. 771, Ann.Cas.1913C 1093].)

The allegations of the complaint do establish, however, that appellant was on the premises as an invitee (*Oldham* v. *Atchison, T. & S. F. Ry. Co.* (1948) 85 Cal.App.2d 214, 218 [192 P.2d 516]; *Miller* v. *Pacific Constructors, Inc.* (1945) 68 Cal.App.2d 529, 544-545 [157 P.2d 57]), whereas respond-

ents' employee, the Santa Clara Sand and Gravel Company, was a mere trespasser. ■ This fact is most significant in an action for negligence, since the status of the parties is determinative of their respective rights and duties. Although an invitee is required only to avoid wanton and wilful conduct toward a trespasser upon the land, a trespasser is liable to an invitee for ordinary negligence. (*Anderson* v. *Western Pacific R. R. Co.* (1936) 17 Cal.App.2d 244, 246 [61 P.2d 1209]; *Morales* v. *L. W. Blinn Lumber Co.* (1935) 9 Cal.App.2d 292, 294 [49 P.2d 621]; *Davoust* v. *City of Alameda* (1906) 149 Cal. 69, 74 [84 P. 760, 9 Ann.Cas. 847, 5 L.R.A. N.S. 536]; *Davis* v. *Pacific Power Co.* (1895) 107 Cal. 563, 573-574 [40 P. 950, 48 Am.St.Rep. 156].) Since appellant was an invitee, respondents and their employee owed him the duty, while upon the land, to refrain from carrying on any activity or creating any condition which they ought to have anticipated as involving an unreasonable risk of harm to him. (Rest., Torts, § 381.)

■ Count II of appellant's amended complaint, as we have noted, charges that respondents were negligent in directing their employee to go upon the Berryessa property. It is further alleged that said employee was negligent in removing 300 feet of the fence standing upon the property. Although there is no specific allegation that the employee was negligent in piling earth and trees into the creek running through the property, we take this oversight to be the result of ineptness in pleading. At the hearing on the demurrer, appellant's counsel stated that the complaint was intended to "imply" that the piling of the debris into the creek, as well as the removal of the fence, was done in a negligent manner. Since this omission could readily have been corrected by amendment, the question remaining is whether the complaint, if so amended, would be sufficient to state a cause of action against respondents. This question must be answered in the affirmative.

We do not believe it can be said as a matter of law that appellant's injuries were not a readily foreseeable result of the conditions negligently created by the Santa Clara Sand and Gravel Company. Since it was appellant's job to tend the Shearer cattle, it could reasonably have been anticipated that he would seek to prevent them from escaping through the gap which had been made in the fence. It was equally foreseeable that, in so doing, he might become entangled among the debris which had been dumped in the creek. ■
Since the complaint alleges that the Santa Clara Sand and

Gravel Company was the "agent, servant and or employee" of respondents, they were liable, under the rule of *respondeat superior*, for its negligent acts. (*Fernelius* v. *Pierce* (1943) 22 Cal.2d 226, 233 [138 P.2d 12].) ██ ██ Moreover, even if it were apparent from the face of the complaint that the Santa Clara Sand and Gravel Company was in fact an independent contractor rather than an employee or servant, respondents would still be subject to liability. It is settled that where the defect that causes injury is inherent in the plan devised by the employer, he is not immune from liability merely because the plan was carried into effect by means of an independent contractor. (*Williams* v. *Fresno C. & I. Co.* (1892) 96 Cal. 14 [30 P. 961, 31 Am.St.Rep. 172] ; 26 Cal.Jur.2d § 17, pp. 413-414.) In the instant case, appellant's complaint alleges that respondents were negligent in directing the Santa Clara Sand and Gravel Company to go upon the Berryessa property, rather than respondents' own property, for the purpose of constructing a road. There is no indication that any of the acts performed by the Santa Clara Sand and Gravel Company were other than those which respondents had instructed them to perform. Under such circumstances, respondents and their agent were jointly liable for the damage proximately resulting. (*Yee Chuck* v. *Board of Trustees* (1960) 179 Cal.App.2d 405 [3 Cal.Rptr. 825]. To the same effect, see *Loughan* v. *Harger-Haldeman* (1960) 184 Cal.App.2d 495, 501-502 [7 Cal.Rptr. 581].)

Count II of appellant's amended complaint was not so fatally defective as to justify the sustaining of respondents' demurrer without leave to amend. Since the judgment must accordingly be reversed, it becomes unnecessary to consider whether or not Count I was also sufficient to set forth a cause of action against respondents. It may be noted in passing, however, that Count I of the original complaint alleged that each of the defendants "acted maliciously and were guilty of wanton disregard of the rights of plaintiff." This count included a prayer for punitive damages in the amount of $50,000. In amending this count, appellant eliminated all reference to the defendants' malicious and wanton conduct and also eliminated the prayer for punitive damages. We find it impossible to ascertain whether this count, as set forth in the amended complaint, is intended to state a separate cause of action or is merely a repetition of the allegations set forth in Count II. Appellant should be allowed to clarify this uncertainty by way of amendment.

For the reasons above stated, the judgment is reversed, and the trial court is directed to permit the amendment of said complaint as plaintiff may be advised.

Agee, J., concurred.