[Civ. No. 8424. Fourth Dist., Div. One. Feb. 21, 1967.]

CARL TIMBERLAKE et al., Plaintiffs and Appellants, v. HERB SCHWANK et al., Defendants and Respondents.

Wills & Duberg and James S. Duberg for Plaintiffs and Appellants.

Flint & MacKay and John J. Waller for Defendants and Respondents.

COUGHLIN, J. — Plaintiffs appeal from a judgment dismissing their action upon motion of defendants Trailerancho Corporation, and Herb Schwank, its agent. The action was premised upon a complaint setting forth six causes of action. Defendants answered. Subsequently plaintiffs dismissed the second, fifth and sixth causes of action. Thereafter defendants moved to dismiss the remaining causes of action, i.e., the first, third and fourth, upon the ground neither of them stated facts sufficient to constitute a cause of action. The court granted the motion and entered judgment of dismissal.

An action may be dismissed upon motion where the

complaint does not state a cause of action and cannot be amended to state such. (*McKay* v. *County of Riverside*, 175 Cal.App.2d 247, 249 [345 P.2d 949]; *Monahan* v. *Blossom*, 88 Cal.App.2d 951, 952 [199 P.2d 738].) The motion is in the nature of a general demurrer. (*Lavine* v. *Jessup*, 48 Cal.2d 611, 615 [311 P.2d 8].) An order granting the motion is tantamount to an order sustaining a demurrer without leave to amend. (*Id.*) Where it is possible to amend the complaint to state a cause of action and the plaintiff is not afforded an opportunity to amend, a dismissal, whether upon motion or demurrer, is error. (*Pacific Paving Co.* v. *Vizelich*, 141 Cal. 4, 10 [74 P. 352]; *Covo* v. *Lobue*, 220 Cal.App.2d 218, 221 [33 Cal.Rptr. 828]; *Miller* v. *McLaglen*, 82 Cal.App. 2d 219, 228 [186 P.2d 48].)

 Plaintiffs concede the dismissal of the fourth cause of action in their complaint was proper, but contend the dismissal of the first and third causes of action was improper.

The first cause of action sets forth facts that possibly could be the basis for recovery under two different legal theories; one, upon the ground of fraud; and the other upon a breach of contract to enter into a joint venture. The defendants contend the purported cause of action thus asserted is for breach of a joint venture agreement; recovery on account thereof can be had only upon dissolution and an accounting; and plaintiffs' attempt to recover disregards this requirement.

The first cause of action alleges false representations by defendant corporation through its agent to plaintiffs; in reliance thereon plaintiffs entered into a joint venture agreement with the corporation; as a result thereof contributed $200,000 to the joint venture; and "by reason of the fraud of defendants" have been damaged in the sum of not less than $200,000. The alleged false representations were that (1) the cost of construction of a trailer park, apparently to be built as a joint venture undertaking, would be $428,000; (2) plaintiffs would contribute one-fourth of that amount, the corporation would contribute one-fourth, and the corporation would finance the balance; and (3) plaintiffs would make $14,000 per year profit from the undertaking. It was alleged these representations were false. In addition, it was alleged the trailer park did not cost in excess of $200,000; the corporation did not advance its one-fourth of the cost but instead borrowed $201,600 upon a note by or assumed by the joint venture; and "it is impossible for the joint venture to earn

sufficient profits to produce $14,000.00 per year profit for plaintiffs as represented.''

The allegations of the first cause of action are confusing; do not distinctly assert a basis for recovery under any theory of law; but indicate the possibility of stating causes of action in support of a claim for damages under two such theories.

With respect to the representation the corporation would contribute one-fourth of the cost of construction of the trailer park, i.e., approximately $100,000, two possible causes of action are indicated. One is that this representation constituted a promise by the corporation which was part of an agreement to enter into a joint venture, as distinguished from a part of the joint venture agreement, the breach of which might be asserted as a basis for recovery of damages by plaintiffs. (*Long* v. *Newlin,* 144 Cal.App.2d 509, 513 [301 P.2d 271] ; see also *San Francisco Iron etc. Co.* v. *American Milling etc. Co.,* 115 Cal.App. 238, 249 [1 P.2d 1008].) Another possible cause of action is that this representation was a promise made without intent to perform, in reliance upon which plaintiffs entered into the joint venture agreement; this constituted fraud; and plaintiffs were damaged as a result of this fraud. (Civ. Code, § 1572, subd. 4; *Aman* v. *Batt,* 205 Cal.App.2d 180, 184-185 [23 Cal.Rptr. 34] ; see also *Long* v. *Newlin, supra,* 144 Cal.App.2d 509.)

The misrepresentations respecting the prospective cost of the trailer park and the profit to be derived from the joint venture, depending upon attendant circumstances, would support a recovery on the ground of fraud. (See *Edward Barron Estate Co.* v. *Woodruff Co.,* 163 Cal. 561, 572-574 [126 P. 351, 42 L.R.A. N.S. 125] ; *Eade* v. *Reich,* 120 Cal.App. 32, 35 [7 P.2d 1043] ; *J. B. Colt Co.* v. *Freitas,* 76 Cal.App. 278, 285 [244 P. 916] ; 2 Witkin, Summary of Cal. Law (1960) [7th Ed.], 1373-1375, 1376-1378.) It may not be assumed the requisite attendant circumstances were nonexistent in this case.

■ An action for damages for fraud inducing a person to enter into a joint venture does not arise out of the joint venture; exists independently of it; and lies even though there is no dissolution of or accounting in the joint venture. (*Aman* v. *Batt, supra,* 205 Cal.App.2d 180, 185; *Long* v. *Newlin, supra,* 144 Cal.App.2d 509, 513; *Dalton* v. *Gardner,* 87 Cal.App. 1, 4 [261 P. 524].)

■ Although the subject complaint contains ambiguities and inconsistencies, these defects are not grounds for dismiss-

ing the action. "The mere fact that the plaintiff's attorney may be an inept pleader does not justify the dismissal of an action." (*Covo* v. *Lobue, supra,* 220 Cal.App.2d 218, 221.)

Assuming the first cause of action in the complaint did not state facts sufficient to constitute a cause of action, it is possible a cause of action might be stated, and the judgment of dismissal depriving plaintiffs of the opportunity to amend accordingly, was error.

The third cause of action alleged in proper form a common count for money had and received.

That part of the judgment dismissing the first and third causes of action is reversed; that part dismissing the fourth cause of action is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.