[Civ. No. 20403.   Second Dist., Div. Three.   Feb. 2, 1955.]

FRANK R. HARDY et al., Appellants, v. GEORGE WHITE et al., Respondents.

Jacob Chaitkin, Neil J. Clarke and Douglas J. Stapel for Appellants.

Burum & Young for Respondents.

SHINN, P. J.—Plaintiffs Frank R. Hardy and Bettie J. Hardy appeal from an order of the Superior Court of Los Angeles County granting the defendants' motion for change of venue to Kern County. Defendants and respondents George White and Pauline S. White assert that under the ambit of section 395 of the Code of Civil Procedure they have the right to transfer this action to the county of their residence.

In their complaint plaintiffs alleged that they were tenants in possession of real property ". . . and dwelling house and garage thereon" in Los Angeles County, that they ". . . resided on said premises as their home with their two minor children aged six and seven years. . . ." They further alleged that defendants ". . . unlawfully entered into said dwelling house . . . seized possession . . . placed their own locks, hasps and padlocks thereon, and excluded and are excluding the plaintiffs and their children from further possession of said property." It was alleged that the defendants acted maliciously and were guilty of wanton "disregard of the rights and feelings of plaintiffs"; that plaintiffs have suffered mental, physical and emotional distress, and that plaintiff's psoriasis was aggravated by the emotional shock. Plaintiffs demanded compensatory and punitive damage. They did not ask for restoration of the property.

The appellants contend that their complaint sets forth a single cause of action, viz., trespass *quare clausum fregit,* and that under section 392, subdivision (a), Code of Civil Procedure, which provides that an action "For the recovery of real property, or of an estate or interest therein, or for the determination in any form, of such right or interest, and for injuries to real property;" is to be tried in the county where the real property is located. Their contention is that this action is an injury to real property within this section, and as such is local in character.

The contention of the respondents is that this is a transitory action under section 395, subdivision (1) of the Code of Civil Procedure which provides that in "all other cases" the defendant is entitled to have the proceeding transferred to the county of his residence. "[A]ll other cases" refers to those

not enumerated under section 392, 393 or 394. ■ This question must be determined from an inspection of the allegations of the complaint and the nature of the relief sought, the issue on motion for change of venue being whether the complaint sets forth a theory of action supporting the chosen venue. (*Work* v. *Associated Almond Growers,* 76 Cal.App. 708 [245 P. 790].)

In examining the allegations of the complaint, it is seen that money damages is the only relief sought. The title to the real property is not questioned, nor is there an attempt to recover possession of the real property. A judgment which would be rendered would not determine either of these questions, but if the court found that the plaintiff was a tenant at the time of the alleged wrongful eviction, it would be merely evidentiary and not a finding of the tenant's right or interest in the land. The complaint contained no allegation of injury to the dwelling house or premises or to the plaintiffs' interest in the premises.

■ The general rule is that the defendant is entitled to have an action tried against him in the county of his residence unless the proceeding comes under the exceptions of sections 392, 393 or 394. (*Perkins* v. *Winder,* 123 Cal. App. 467 [11 P.2d 394].) Appellants claim as an exception that the action is for an injury to real property. ■ The well settled rule is that if there is a personal, or *in personam,* cause of action joined with one that is local in nature, the defendant is entitled to have the proceeding transferred to the county of his residence. The action must be wholly local in nature to require it to be brought in the county of the situs as designated in section 392, subdivision (a), Code of Civil Procedure. (*Turlock Theatre Co.* v. *Laws,* 12 Cal.2d 573, 576 [86 P.2d 345, 120 A.L.R. 786] ; see California cases collected in 120 A.L.R. 791-792.)

■ Plaintiffs contend that since this is trespass *quare clausum fregit* it is local in character. This is not sufficient, even though the elements of such an action may be alleged. It is not sufficient that title to the land may be incidentally involved, or even necessarily entered into, to make the action local if the judgment can be satisfied by the payment of money. (*Work* v. *Associated Almond Growers, supra,* 76 Cal.App. 708; *Pacific Const. Finance Co.* v. *Kramer,* 42 Cal. App.2d 190 [108 P.2d 723].)

The out of state cases cited by plaintiffs are not in point.

The principles stated above are too well settled to admit of question.

The order granting the motion for change of venue is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 30, 1955.