[Civ. No. 8581.   Third Dist.   Apr. 8, 1955.]

HELEN McLAUGHLIN ROGERS, Appellant, v. J. L. RIHN, as Administrator, etc., et al., Respondents.

Leo C. Dunnell, William H. Herbert, Adey May Dunnell and R. A. Rogers for Appellant.

Tinning & DeLap and J. Vance Porlier for Respondents.

SCHOTTKY, J.—This is an appeal from an order granting a motion of certain defendants for change of place of trial from Amador County to Contra Costa County. The motion was made upon the grounds (1) that they are residents of Contra Costa County; (2) that the cause of action concerns real property which is situate in Contra Costa County; (3) that defendant Rihn is administrator of the estate of W. E. Whitehead, deceased, which estate is being probated in Contra Costa County; and (4) that none of the defendants resides in Amador County. Plaintiff opposed the motion for change of place of trial from Amador County, contending that under section 1555 of the Probate Code, Amador County was the proper place for trial.

The amended complaint alleged in substance that Jesse M. McLaughlin, the father of the plaintiff, died in Oakland, California, in 1896 and that thereafter his will which was probated in Alameda County, California, devised a portion of his estate to the plaintiff; that in 1897, W. E. Whitehead was appointed guardian of the person and estate of the plaintiff, who was then a minor, in a proceeding numbered 640 in Amador County, California; that following his appointment as such guardian, Whitehead received funds from the estate of plaintiff's father which properly belonged to plaintiff, but that Whitehead converted these funds to his own use and never made an accounting of property received by him as such guardian. Said complaint alleged further that in 1929 the guardian, who had bought certain real property in Contra Costa County with these funds, conveyed this property to his daughter, Hazel L. Rihn, and that Hazel L. Rihn and Idele Rickard, in 1929, came into possession of some of these funds and divided the same between them; that the Contra Costa County property is now held by Hazel L. Rihn and J. L. Rihn, but that they hold this property in trust for the plaintiff; that with this property Hazel L. Rihn and J. L. Rihn have purchased additional real property in Contra

Costa County, and, in addition, have purchased shares of Pacific Gas and Electric Company, Transamerica and Bank of America, and also hold cash in bank, all of which it is alleged they hold in trust for the plaintiff.

The complaint alleged further that W. E. Whitehead died on July 4, 1929; that he had never been discharged as guardian; that on March 18, 1953, J. L. Rihn was appointed administrator of the estate of W. E. Whitehead in Contra Costa County and that plaintiff filed her claim against said estate with said administrator, who rejected it.

The prayer of the complaint asks for an order restraining J. L. Rihn, individually and also as administrator, and also restraining Idele R. Rickard, from transferring the real and personal property described above. The prayer also prays that the defendants give an accounting as trustees of the real and personal property referred to in the complaint, and also prays for a money judgment against these defendants.

The trial judge in granting the motion for changing the place of trial stated in his memorandum opinion:

"None of the named defendants in this cause is a resident of Amador County. Therefore they are entitled to have the cause transferred to the county where they reside, either on the ground of residence (Code Civ. Proc., § 395) or because the cause affects real property in that county (Code Civ. Proc., § 392) or because it joins as one of the defendants J. L. Rihn in his official capacity as administrator in the same county (Code Civ. Proc., § 395.1).

"The case does not fall within the scope of Probate Code, section 1555. That section simply says that the guardianship court does not lose jurisdiction of the guardianship proceeding for the purpose of settling the accounts of the guardian, if the guardian dies. And, that the account of a deceased guardian shall be presented by his administrator. It may be that if this proceeding were one simply to require the administrator of the deceased guardian to settle his accounts, venue might lie in Amador County. However, as to this, I express no opinion.

"The complaint on file herein goes much further. It seeks to establish a cause of action for fraud and deceit involving several individuals, including the administrator of the deceased guardian in his official capacity but also as an individual. It also seeks to impress a trust upon real and personal property in the possession of several defendants. It also seeks an accounting from several defendants and it seeks a

money judgment against several defendants. A judgment in plaintiff's favor in this action on these issues and against these defendants would go far beyond the purview of Probate Code, section 1555.''

We agree with this analysis and adopt it as a part of the opinion of this court.

We are unable to agree with appellant's contention that, because section 1555 of the Probate Code provides that upon the death of a guardian the court does not lose jurisdiction of the proceeding for the purpose of settling the accounts of the guardian and that the accounts of a deceased guardian shall be presented by his executor or administrator, the county which has jurisdiction of the guardianship estate is the proper county for the trial of this action. The fact that the administrator of the estate of W. E. Whitehead might be required under said section 1555 to file an accounting in the guardianship proceeding in Amador County does not compel or justify the conclusion that the action against these respondents, as alleged in the complaint, must be tried in Amador County.

Code of Civil Procedure, section 395, provides that subject to the power of the court to transfer actions or proceedings as provided in part 2, title 4, of the Code of Civil Procedure, the county in which the defendants or some of them reside at the commencement of the action is the proper county for the trial of the action.

Code of Civil Procedure, section 392, provides that subject to the power of the court to transfer actions and proceedings, the county in which the real property which is the subject of the action, or some part thereof, is situated, is the proper county for the trial of the following actions:

''(a) For the recovery of real property, or of an estate or interest therein, or for the determination in any form, of such right or interest, and for the injuries to real property.''

In *Keithly* v. *Lacey* (1946), 77 Cal.App.2d 339 [175 P.2d 235], plaintiffs alleged that defendant held in trust for them an undivided one-half interest in real property in Los Angeles, Tulare and Inyo Counties and personal property consisting of ten first mortgage bonds having a par value of $1,000 each. They prayed for a decree establishing the trust and directing defendant to execute such conveyances as would be necessary to convey to plaintiffs their respective interests. A motion for change of venue from Los Angeles County to Inyo County, where defendant resided, was denied by the

trial court. The appellate court reversed the decision and said:

". . . Where real and personal actions are joined in the same complaint the case must be tried in the county in which defendant resides if he so demands. [Citing cases.]"

In the instant case two of the defendants reside in Contra Costa County and none resides in Amador County. The real property upon which appellant's complaint seeks to impress a trust is situated in Contra Costa County.

Appellant's complaint shows that defendant J. L. Rihn was appointed administrator of the estate of W. E. Whitehead, deceased, and that said probate proceedings are pending in Contra Costa County. Section 395.1 of the Code of Civil Procedure provides:

"When a defendant is sued in his official capacity as executor, administrator, guardian or trustee, on a claim for the payment of money or for the recovery of personal property, the county which has jurisdiction of the estate which he represents shall be the proper county for the trial of the action."

In view of the foregoing we are satisfied that the trial court correctly determined that respondents were entitled to have the action transferred to Contra Costa County.

The order is affirmed.

Van Dyke, P. J., and Finley, J. pro tem,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 2, 1955.

---

*Assigned by Chairman of Judicial Council.