[Civ. No. 9539.   Third Dist.   Jan. 23, 1959.]

E. PERRY CAMPBELL, Appellant, v. HENRY D. NICHOLS, as Executor, etc., Respondent.

Donald W. Littlejohn and Elkins & Wright for Appellant.

Pillsbury, Madison & Sutro for Respondent.

WARNE, J. pro tem.*—This is an appeal from an order granting respondent's motion for a change of venue.

Appellant commenced this action in the county of Colusa against respondent in his representative capacity as executor of the last will and testament of Alice Hagar Tubbs, deceased, whose estate is the subject of administration in the city and county of San Francisco.

In his affidavit in support of the motion for change of venue to the city and county of San Francisco, respondent avers that he is not a resident of Colusa County, but omits any reference to his place of residence. However, it appears in the briefs that respondent is a resident of Alameda County. Consequently, respondent would not be entitled to have the cause transferred to the city and county of San Francisco on the ground of residence. (Code Civ. Proc., § 395.) Nor is respondent entitled to a change of venue unless the action herein is one "on claim for the payment of money or for the recovery of personal property" within the purview of section 395.1 of said code, which provides: "When a defendant is sued in his official capacity as executor, administrator, guardian or trustee, on a claim for the payment of money or for the recovery of personal property, the county which has jurisdiction of the estate which he represents shall be the proper county for the trial of the action."

The complaint herein is entitled "Complaint in Equity to Recover Trust Property Obtained by Fraud and Collusion and to Impress a Constructive Trust," against plaintiff as executor of the last will and testament of Alice Hagar Tubbs, deceased. The complaint alleges in substance that Alice Hagar Tubbs, deceased, was the daughter of George Hagar; that George Hagar died testate on September 2, 1902; that his will was admitted to probate in Colusa County, and that his daughter Alice, and her husband, Alfred S. Tubbs, were appointed executors pursuant to the terms of said will. It is further alleged that under the terms of George Hagar's will the residue of his estate was left to his daughter Alice and her husband Alfred, and the survivors of them, in trust for the use of Alice and her children during her lifetime and

*Assigned by Chairman of Judicial Council.

upon Alice's death to pass to her descendants and if none in equal shares to certain named nieces, nephews, and the widow of a deceased nephew of the testator. Alice Hagar Tubbs died testate and without issue on December 22, 1955. Her will makes no provision for the beneficiaries of the trust named in her father's will, and appellant claims to have succeeded to the interest of one of them.

The complaint further alleges that Alice and her husband fraudulently concealed from the court in which her father's estate was administered the fact that his will contained the aforementioned trust provisions and that Alice had the whole of the residue of the estate distributed to herself absolutely free and clear of the trust. The prayer of the complaint is that respondent be ordered to turn over to the court all property and assets of the estate of Alice Tubbs which had their origin in or are traceable to the residue of the estate of George Hagar, deceased, and that the court distribute such property in accordance with the provisions of George Hagar's will. Appellant further prays that a referee be appointed, an accounting ordered, and a trust impressed on all property in respondent's possession which derives from the estate of George Hagar, deceased. As stated above, the determinative question as to respondent's right to change of venue is whether this action is one "on a claim for the payment of money or for the recovery of personal property."

In his affidavit in support of the motion for a change of venue, respondent, among other things not pertinent to a determination of this appeal, avers that 95 per cent of the appraised value of the assets of the estate consists of personal property, and that the balance of 5 per cent of the appraised value of the estate consists of real property in the county of Colusa and in the city and county of San Francisco.

It seems clear to us that the primary purpose of this action is to recover personal property. As to the remaining 5 per cent, consisting of real property in the city and county of San Francisco and in Colusa County, the action to recover it does not affect the venue here.

As stated in *Hardy* v. *White*, 130 Cal.App.2d 550, 552 [279 P.2d 126]:

". . . The well settled rule is that if there is a personal, or *in personam*, cause of action joined with one that is local in nature, the defendant is entitled to have the proceeding transferred to the county of his residence. The action must be wholly local in nature to require it to be brought in the county

of the situs as designated in section 392, subdivision (a), Code of Civil Procedure. [Citing cases.]'' (See also *Peiser* v. *Mettler,* 50 Cal.2d 594, 605 [328 P.2d 953].)

We conclude that the trial court properly granted respondent's motion for change of venue based on section 395.1 of the Code of Civil Procedure.

The order is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied February 19, 1959, and appellant's petition for a hearing by the Supreme Court was denied March 18, 1959.