[Civ. No. 25784. Second Dist., Div. Three. Aug. 1, 1962.]

SAL HAINES, Plaintiff and Respondent, v. SALLY ANN HAINES LAMB et al., Defendants and Appellants.

Herron & Winn and Fred R. Winn for Defendants and Appellants.

Louis A. Audet for Plaintiff and Respondent.

FILES, J.—This is an appeal from an order denying defendant's motion for a change of place of trial from Los Angeles to Santa Clara County. This appeal was taken prior to the 1961 amendment to Code of Civil Procedure, section 963, under which such orders are no longer appealable.

The verified complaint is in four counts. The first alleges in substance as follows: After the death of plaintiff's wife in 1942, plaintiff's mother-in-law, Perla Davidson, adopted plaintiff's daughter, the defendant Sally Ann Haines Lamb. In 1943 plaintiff transferred certain property to Perla Davidson in trust for the support of Sally during her minority, and Perla agreed to return the property to plaintiff when Sally reached her majority. The property transferred to Perla Davidson included both personal and real property. She sold the real property and reinvested the proceeds by purchasing corporate stock and two other parcels of real property which are situated in Los Angeles County. Perla Davidson died in 1947. Defendant Louis Frangos was appointed administrator of the estate of Perla Davidson in the Los Angeles Superior Court, and has never been discharged from that office. By the decree of distribution Sally received real and personal property from the Davidson estate. Defendant Louis Frangos was appointed guardian of the person and estate of Sally, a minor, by the Superior Court of Los Angeles County, and the assets distributed from the Davidson estate are ''the principal basis'' of the minor's estate. The proceeds of the property which plaintiff transferred in trust have been invested by the guardian in certain real property and certain stocks which are described in the complaint. Sally has now reached her majority, being over 18 and married. Assets remain which were not needed for Sally's support during minority and plaintiff is entitled to an accounting.

The second and third counts in the complaint are to quiet title to the Los Angeles real property which was referred to in the first count. The fourth count is in the form of an action

to quiet title to the stocks which were described in the first count.

The complaint prays for judgment against the defendants and each of them for an accounting of the property originally entrusted to Perla Davidson and the property resulting from the conversion thereof and the rents, issues and profits, and prays further that the defendants and each of them be required to deliver to plaintiff all of said property.

The defendants named in the complaint included "Louis Frangos, as Guardian of the Person and Estate of Sally Ann Haines, Sally Ann Haines Lamb, Louis Frangos, as Administrator of the Estate of Perla Davidson."

The defendant Lamb alone appeared by a demurrer and moved for a change of venue to Santa Clara County. The ground stated in the notice of motion was that both she and the defendant Frangos at all times had resided in Santa Clara County, and for that reason the Superior Court of Santa Clara County is the proper court for the trial of the action.

Code of Civil Procedure, section 397, subdivision 1, authorizes a motion to change the place of trial when the court designated in the complaint is not the proper court. Section 392 provides that for an action for the recovery of real property, or for the determination of an interest therein, the county in which the real property is situated is the proper county for the trial. Section 395 provides that "In all other cases" (i.e., other than the cases for which the code makes some different provision), the county in which the defendants or some of them reside is the proper county.

Defendant's theory is that although the second and third causes of action relate to Los Angeles real property, the first and fourth causes of action are transitory and are triable at the county of residence of the defendants. Defendant relies on the line of cases going back to *Smith* v. *Smith*, 88 Cal. 572 [26 P. 356], to the effect that if one cause of action is transitory and triable at defendant's residence, defendant is entitled to have the entire action transferred.

This brings us to the question of whether the first or fourth cause of action falls within the "other cases" which are triable at defendant's residence under section 395.

Code of Civil Procedure, section 395.1 provides: "When a defendant is sued in his official capacity as executor, administrator, guardian or trustee, on a claim for the payment of money or for the recovery of personal property, the county

which has jurisdiction of the estate which he represents shall be the proper county for the trial of the action.''

The complaint fails to allege that defendant Frangos, as administrator, now holds any of the property which is the subject of the action. We need not be concerned with that, however, since the code section applies equally to administrators and guardians. The complaint does allege that property passed into the hands of the guardian and, by inference, that he still holds it. On a motion for change of venue a pleading is not examined as critically as on demurrer. It is enough that plaintiff appears to be attempting in good faith to state a cause of action against the guardian in his official capacity, and that it seems possible for him to do so. (*McClung* v. *Watt,* 190 Cal. 155, 160 [211 P. 17]; 1 Witkin, California Procedure, 756-758.)

The notice of motion states that ''defendant Louis Frangos sued herein as Guardian of the Person and the Estate of Sally Ann Haines Lamb, is no longer acting in such capacity as guardian.'' This assertion is not sufficient to show that the guardian was not properly joined, or that his joinder as a defendant should be disregarded. The assertion that he is ''no longer acting'' is not the equivalent of saying that he no longer holds any of the property which is the subject of this action. Furthermore, this statement in the notice of motion is not supported by any affidavit or other evidence. The trial court was bound to consider the motion for change of venue upon the allegations of the complaint together with any facts which were judicially noticed.*

 An action against an administrator or executor in his official capacity to recover personal property which had been entrusted to the decedent is subject to Code of Civil Procedure,

---

*We do the defendant no injustice by the interpretation which we place upon the complaint and the moving papers. If the trial judge took judicial notice of the superior court record in the Davidson estate and the Sally Haines guardianship, which were described by title and file number in the complaint, he ascertained therefrom the following: The decree of final distribution in the Davidson Estate was made in 1951; the guardian acknowledged in his 1952 account that he had received this distribution; the probate court on November 4, 1960, ordered the guardianship terminated, but the guardian has not been discharged, and the court record contains no evidence that he has turned over any of the assets to his former ward. The order settling the sixth account current of the guardian, entered February 21, 1961 (more than two months after this action was begun), stated that the guardian then had in his possession certain assets as listed in the account. This list of assets includes all of the stocks in which plaintiff here is claiming an interest.

section 395.1. (*Campbell* v. *Nichols,* 167 Cal.App.2d 329 [334 P.2d 618]; *Rogers* v. *Rihn,* 132 Cal.App.2d 185 [281 P.2d 546].) In *Jones* v. *McGinnis,* 121 Cal.App.2d 720 [263 P.2d 908], an automobile accident case was brought against an administratrix in the county where the accident occurred and where defendants resided. It was there held that the action was properly transferred under section 395.1 to the county in which the administratrix had been appointed.

Section 395.1 provides that the county which has jurisdiction of the estate ''shall be the proper county for the trial of the action.'' A case which falls within this section cannot be one of the ''other cases'' which section 395 assigns to the county of the defendants' residence.

We must conclude that the first cause of action, which is for the recovery of personal property which allegedly passed to the defendant Frangos as guardian, was brought in the proper court.

The situation is not changed by the fact that plaintiff has pleaded a fourth count in the short form of a complaint to quiet title to personal property. The property described in the fourth count is the same list of stocks which plaintiff seeks to recover in the first cause of action. It is apparent, therefore, that plaintiff, in his fourth count, is not pleading a different cause of action, but is merely asking for a different form of relief upon the same cause of action. The cause of action is the primary right for which plaintiff seeks relief. ''The seeking of different kinds of relief does not establish different causes of action.'' (*California Trust Co.* v. *Cohn,* 214 Cal. 619, 629 [7 P.2d 297]; *Peiser* v. *Mettler,* 50 Cal.2d 594, 605 [328 P.2d 953, 74 A.L.R.2d 1].)

Since the Legislature has classified cases for venue purposes according to the kind of relief sought, an additional problem arises when a pleader with a single cause of action asks various forms of relief. In order to classify the action, it is necessary to look for the principal object of the action, or the main relief to which plaintiff would be entitled if he obtained a default judgment on his complaint. (*Peiser* v. *Mettler,* 50 Cal.2d 594, 604 [328 P.2d 953, 74 A.L.R.2d 1]; *Turlock Theatre Co.* v. *Laws,* 12 Cal.2d 573, 577 [86 P.2d 345, 120 A.L.R. 786]; 1 Witkin, California Procedure, 703.)

The detailed allegations of the first count show that the stock which plaintiff seeks to recover is in the possession of the defendants or some of them. Plaintiff is not here seeking to remove a cloud on his title to property, the ownership of

which he presently holds in other respects. On the contrary, the main object of the cause of action is recovery of the property in the broadest sense—including title, possession and all other incidents of ownership. We must conclude that the recovery of the property is the principal object of the cause of action, and that the venue provisions of section 395.1 govern. Thus the complaint contains no cause of action which is not properly triable in Los Angeles County.

The order denying the motion for change of venue is affirmed.

Shinn, P. J., and Ford, J., concurred.