[Civ. No. 8487.   First Appellate District, Division Two.—September 30, 1932.]

ETHEL KALLEN (a Widow) et al., Respondents, v. ED SERRETTO et al., Appellants.

Ross & Ross for Appellants.

Walter McGovern for Respondents.

NOURSE, P. J.—Plaintiffs sued in the city and county of San Francisco for damages arising out of an automobile collision which occurred in San Mateo County. The de-

fendants Ed Serretto and wife moved for a change of venue to San Mateo County on the ground that they were both residents of that county. Their motion was denied and they have appealed on typewritten transcripts.

Two fictitious defendants were joined as "First Doe" and "Second Doe". As to them the complaint alleged that they had "some right, title, or interest in and to defendants' motor vehicle hereinafter mentioned". The collision was alleged to have been caused by the fact that *"the defendants* drove and operated a certain motor vehicle . . . in a careless, negligent, and unskillful manner". After the demurrer and demand for change of place of trial were filed by the two Serrettos the plaintiffs were permitted to file an amended complaint in which it was alleged that "the defendants, acting through said defendant Ed Serretto, drove and operated their motor vehicle, etc." In the affidavit of plaintiffs' attorney filed in opposition to the motion for change of place of trial it is averred that "First Doe" is one Irani, a resident of San Francisco. But it does not appear that he was named or substituted as a defendant, and no process was served upon him.

Upon this record appellants insist that they were entitled to a change of the place of trial for several reasons, of which it will be sufficient to consider but two. (1) The right of the moving party to a change depends upon the conditions existing at the time the demand is made. (*McClung* v. *Watt,* 190 Cal. 155, 159 [211 Pac. 17, 19].) Hence, the parties defendant "as revealed by the pleadings existing at the time" (*McClung* v. *Watt*) the demand was made and the demurrer was filed are the only parties to be considered on the motion for a change of the place of trial. (2) Fictitious defendants who have not been brought into court are not to be regarded in consideration of the motion for a change of venue. (*South* v. *County of San Benito,* 40 Cal. App. 13, 19 [180 Pac. 254]; *Yuba County* v. *North America etc. Co.,* 12 Cal. App. 223 [107 Pac. 139].) When the appellants filed their demurrer and demand for a change of venue they were the only real parties defendant named in the pleadings. In fact, the same condition existed at the time the motion was heard because no other defendant had been brought into court by substitution, appearance or service of process. The amended complaint and the

affidavit of plaintiffs' attorney, both of which were filed after appellants' appearance and demand, and from which it might be inferred that some other defendant *might* be brought in, could not be considered in the hearing of the motion to change. Appellants' residence in San Mateo County being conceded, they were entitled to a change of the place of trial to that county.

The order is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 29, 1932, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 28, 1932.