[Civ. No. 11471. First Appellate District, Division One.—January 29, 1941.]

JULIA VICKERSON, Appellant, v. ALICIA WEHR, as Special Administratrix, etc., Respondent.

Leo R. Friedman for Appellant.

Clark & Heafey for Respondent.

KNIGHT, J.—This is an appeal from an order granting respondent's motion for a change of venue. The question involved concerns the right of a party substituted as sole defendant to a change of place of trial upon the ground of residence.

The action was filed in the Superior Court in and for the City and County of San Francisco by the appellant, Julia Vickerson, against A. Terkel, as administrator with the will annexed of the estate of Charles D. Wehr, deceased, on a rejected claim for money which appellant alleges she furnished and loaned to the decedent at various times during the two years preceding his death. The decedent was a resident of Alameda County, and his estate is pending settlement therein; but Terkel at all times mentioned in the complaint and at the time of the filing thereof was a resident of San Francisco; and summons was served on him therein on January 15, 1940. By written stipulation his time to appear in the action was extended to February 25, 1940; but prior to the expiration of the extended time and without having appeared in the action, to wit, on February 15, 1940, he resigned as such administrator and his letters were revoked; whereupon and on the same day the respondent, Alicia Wehr, widow of the decedent and a resident of Alameda County, was appointed special administratrix with full power of a general administrator. Thereafter and on February 21, 1940, pursuant to a motion made by her in that behalf and after notice to appellant, the court in which the action was pending made an order substituting respondent as sole defendant in the place and stead of Terkel; and two days later she filed notice of motion, supported by the necessary demand and affidavit, for change of venue to the county of Alameda. The grounds of the motion were: "That at the time of the commencement of this action defendant was, and since that time has continued to be and still is, a resident of the County of Alameda, State of California, and

that said Superior Court in and for the County of Alameda, State of California, is the proper court for the trial of the above entitled cause." The motion was contested by appellant, and after a hearing the same was granted.

In some states the venue of actions against executors and administrators is specially declared to be where it would have been necessary to sue the deceased, but in this state it has been definitely held, in conformity with the common law rule, that the proper county in which to institute an action on a rejected claim is in the county in which the executor or administrator resides, regardless of where the estate is pending settlement or where the decedent might have been sued (*Thompson* v. *Wood,* 115 Cal. 301 [47 Pac. 50] , *Chiapella* v. *County National Bank & Tr. Co.,* 217 Cal. 503 [19 Pac. (2d) 983]) , and section 395 of the Code of Civil Procedure declares in part that except as noted therein "and subject to the power of the court to transfer actions or proceedings as provided in this title [Title 4, Part 2, Code Civ. Proc.], the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action."

It is appellant's contention that the wording of the foregoing code provision is plain, explicit, and unambiguous; and that since it is expressly declared therein that the county in which the defendant resides at the commencement of the action is the proper county for the trial of the action, the trial court's ruling granting the change clearly contravenes the mandate of the statute. Appellant concedes, however, that the statutory rule embodied in said section is not absolute, nor in all cases controlling as against a party substituted as sole defendant; that two of the well recognized exceptions thereto are where a party "is substituted involuntarily as sole defendant, or . . . comes in as the real party in interest", and that under those circumstances he may apply for a change of venue (67 Cor. Jur., p. 140). The case of *Howell* v. *Stetefeldt Furnace Co.,* 69 Cal. 153 [10 Pac. 390], has been cited by both sides as showing that such is the rule in this state.

There is, however, a sharp disagreement between the parties as to whether the present case falls within either of the exceptions noted. Respondent argues that it is in all material respects similar to *Howell* v. *Stetefeldt Furnace Co.,* *supra,* and that therefore the decision therein is here con-

trolling. A comparison of the cases demonstrates, however, that they are essentially different. In that case the furnace company, whose place of business was in San Francisco, was in possession of a certain sum of money which was claimed respectively by John Howell, a resident of Santa Clara County, and James Thompson, a resident of San Francisco; and Howell brought suit in Santa Clara County against the furnace company to recover the money. The furnace company made no defense, but pursuant to the provisions of section 386 of the Code of Civil Procedure and after notice to Howell and Thompson, paid the money into court, obtained an order substituting Thompson in its place as party defendant, and ceased to have any further connection with the action. Thereupon Thompson filed a demand for a change of venue to San Francisco, where he resided; and the motion was denied. He appealed, and the order was reversed, the ground of the reversal being that he was brought into the action *in invitum* under section 386; that he had not come in as a voluntary intervenor; that the appearance of the corporation was not his appearance, and that not until he became a party to the action did he have the opportunity nor was he entitled to move for a change of venue. In the present case respondent was not brought in as an interpleader under the provisions of said section 386, nor as the result of any move whatever on the part of the appellant. She came in voluntarily. At her request she was appointed special administratrix, and upon her motion she was substituted as sole defendant. Respondent points out that having been appointed special administratrix with full power of a general administrator, it was her legal duty to defend the action, and that if she had not obtained the order of substitution it would have been necessary for appellent to have done so, before proceeding with the case. Conceding that to be true, the undisputed facts show, nevertheless, that she came into the action voluntarily. Whether a different conclusion would be reached if the order of substitution had been obtained by appellant rather than by respondent involves a situation not here present; consequently whatever might be said in this regard would amount to nothing more than *dictum*.

Nor can it be successfully maintained that respondent came into the case as the real party in interest, for the reason that the action does not involve any personal liabil-

ity of the party sued. The relief is sought against the decedent's estate; and any judgment which appellant might obtain as the result of the action can go no further than to direct that the claim be paid in the course of administration, out of the assets of the estate (Prob. Code, sec. 730) ; no judgment can be rendered against the representative *in personam* (11B Cal. Jur., p. 342). It follows, therefore, that since from the beginning the estate and not the legal representative has been the real party in interest, no new or different interest was brought into the case by respondent's substitution.

In further support of the order of transfer respondent relies on certain language used in deciding the cases of *McClung* v. *Watt,* 190 Cal. 155 [211 Pac. 17], *Kallen* v. *Serretto,* 126 Cal. App. 548 [14 Pac. (2d) 917], and *Ah Fong* v. *Sternes,* 79 Cal. 30 [21 Pac. 381], to the effect that the right of a moving party to a change of venue to the place of his residence is to be determined by the condition of things existing at the time the moving party first appeared in the action, as those conditions are revealed by the pleadings at the time the demand for change of venue is made. In this connection respondent contends that upon the revocation of Terkel's letters of administration he ceased to be a party to the action as absolutely as if he had died (*More* v. *More,* 127 Cal. 460 [59 Pac. 823]), and that since his relation to the case terminated and she was substituted before he appeared in the case, she was entitled as a matter of right to have the place of trial of the action removed to the county of her residence. An examination of the three cases respondent relies upon discloses, however, that in none of them was the court, as here, dealing with the situation of a substituted defendant, and it is apparent that the language there employed has no application to such a case. To be more specific, in *McClung* v. *Watt, supra,* the action was filed in San Francisco against a corporate defendant and the appellant Watt. The corporation maintained its place of business in San Francisco; but Watt was a resident of Sacramento, and he moved for a change of place of trial to Sacramento County on two grounds: that he was a resident of that county, and that the corporation was joined as a party defendant solely for the purpose of having the action tried in San Francisco. The motion was denied, and in affirming the order the court stated that a motion for a

change of place of trial to the county of the party's residence must be made by the moving party and determined by the court in advance of any other judicial action in the case; hence that the right to a change of place of trial to the residence of the defendant must necessarily be determined by the status of the parties joined as defendants in the action as revealed by the pleadings existing at the time the party claiming the right first appeared in the action. The court then went on to hold that the complaint therein, in apparent good faith, attempted to state a cause of action against the parties so joined as defendants, and that therefore the moving defendant had not the right to have the place of trial changed to the county of his residence. Obviously, in so holding there was no intention to deviate from the statutory rule embodied in said section 395, because, referring especially thereto the court said: "Section 395 of the Code of Civil Procedure, under which defendant here claims the right to have the action transferred, provides that 'the action must be tried in the county in which the defendants, *or some of them reside'*. If under this section an action is commenced in the county of the residence of one of the defendants, another defendant resident of a different county does not have the right to have the action changed to the county of his residence, and this is so even though it may happen that all of the defendants join in the demand." In the second case, *Kallen* v. *Serretto, supra,* an action for damages growing out of an automobile collision was instituted in San Francisco wherein the appellants Serretto and two fictitious persons were joined as parties defendant. The accident happened in San Mateo County, and the Serrettos were residents thereof. They filed a demand and motion for change of venue to that county, and thereafter the plaintiff was permitted to file an amended complaint wherein she changed the allegations relating to the operation of defendants' car and in an affidavit filed in opposition to appellants' motion averred that "First Doe" was one Irani, a resident of San Francisco. Apparently, so the decision states, Irani was never substituted as a party defendant. The trial court denied appellants' motion, and on appeal the order was reversed, mainly on the authority of *McClung* v. *Watt, supra,* the court holding in conformity therewith that the right of a moving party to a change depended upon the conditions existing at the time the de-

mand was made, as those conditions were then revealed by the pleadings. In the third case, *Ah Fong* v. *Sternes, supra,* an action for damages was filed in Nevada County against a resident of Sutter County, who moved for a change of venue on the ground of residence, and the motion was denied. On appeal the court pointed out that if the action were to be regarded as one for false imprisonment, appellant was entitled to a change of venue; and that if it were to be regarded as one for the recovery of a penalty under section 1505 of the Penal Code, for having disobeyed a writ of *habeas corpus,* appellant was not entitled to a change of venue. With respect to that matter the court said that it believed the complaint stated a good cause of action for false imprisonment, and that it doubted whether it stated a cause of action for a penalty under section 1505 of the Penal Code. It was held, however, that the plaintiff in thus framing the complaint with the double aspect could not deprive the defendant of his right to have the cause tried in the county of his residence; and furthermore that for the reasons set forth in the opinion the result would be the same even though the complaint be regarded as stating two causes of action upon one of which the defendant was entitled to a change of venue, and not upon the other. It will be seen, therefore, that in each of the foregoing cases the factual situation was entirely different from the one here presented, and that the language there used has no application to a case involving the status of a substituted defendant.

Finally, in support of the order appealed from, respondent cites and quotes from the cases of *Smith* v. *Smith,* 88 Cal. 572 [26 Pac. 356], and *Brown* v. *Happy Valley Fruit Growers, Inc.,* 206 Cal. 515 [274 Pac. 977], to the effect that the general spirit and policy of said section 395 is to give a defendant the right of having all personal actions tried in the county of his residence, and that such right has always been safeguarded by a long line of judicial decisions. The soundness of that doctrine is, of course, not questioned; and beyond doubt it is applicable in cases such as the two cited, wherein a personal judgment was sought against a sole defendant who had been sued in a county other than the one in which he resided. Here it is conceded that the action was properly brought in the county in which the sole defendant resided at the time of the commencement of the action; therefore, by virtue of the express provisions of said

section 395, such is the proper county for the trial thereof, subject, of course, to the power of the court to transfer the same as provided in title 4, part 2, of said code.

It follows that since no legal ground has been shown upon which the order appealed from may be sustained, it must be reversed; and it is so ordered.

Peters, P. J., and Ward, J., concurred.