[Civ. No. 16563. Second Dist., Div. Two. Dec. 2, 1948.]

ELIZABETH L. MONAHAN, Appellant, v. RALPH F. BLOSSOM, Individually and as Executor, etc., Respondent.

Marion P. Betty for Appellant.

W. Wellington Farrow, Charles L. Blek and C. F. Wilcox for Respondent.

McCOMB, J.—From an order granting defendant Blossom's motion to dismiss an amended complaint filed against him in his representative capacity as executor of the estate of Harriet Chilcote, deceased, plaintiff appeals.

## FACTS

Plaintiff filed an amended complaint naming as defendants, Ralph F. Blossom, individually, and Ralph F. Blossom, as executor of the estate of Harriet Chilcote, deceased. The pleading alleged that plaintiff was injured through the negligence of defendants in failing to keep certain real property of the estate of decedent in proper repair, and that defendant Blossom was the executor of the estate of Harriet Chilcote, deceased.

Defendant Blossom, as executor of the estate of decedent filed a motion to dismiss the action as to him in his representative capacity on the ground that a cause of action was not alleged against him in such capacity. This motion was granted.

## QUESTIONS PRESENTED FOR DETERMINATION

First: *Did the complaint state a cause of action against defendant Blossom as executor of the estate of Harriet Chilcote, deceased?*

This question must be answered in the negative. The present action was founded upon the alleged tort of defendants.

The law is established that an action cannot be maintained against a personal representative of an estate in his representative capacity for a tort committed by him. (*Luscomb* v. *Fintzelberg,* 162 Cal. 433, 443 [123 P. 247] ; see also cases cited in 11B Cal.Jur., 1934, p. 427, Executors and Administrators, § 993, n. 7.) Under such a set of facts the executor is liable individually only.

Applying the foregoing rule to the facts of the present case it is evident that the complaint as amended did not state a cause of action against Mr. Blossom in his representative capacity.

Second: *Where a complaint fails to state a cause of action, may a defendant reach the defect by a motion to dismiss?*

This question must be answered in the affirmative. If a complaint fails to state facts sufficient to constitute a cause of action defendant may take advantage of such defect by making a motion to dismiss the complaint. (*Kelley* v. *Kriess,* 68 Cal. 210, 212 [9 P. 129].)

Under the foregoing rule defendant's motion to dismiss the amended complaint on the ground that it did not state a cause of action was correct procedure. In view of the fact that the complaint as amended failed to state a cause of action the trial court properly granted the motion.

The order is affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 27, 1949. Carter, J., and Schauer, J., voted for a hearing.