[Civ. No. 4426. Fourth Dist. Jan. 4, 1952.]

E. R. ABBEY, as Administrator with the Will Annexed, etc., Respondent, v. CLARA T. SCHAEFER, as Executrix, etc., Appellant.

Irl D. Brett for Appellant.

Ridley C. Smith for Respondent.

MUSSELL, J.—Plaintiff, E. R. Abbey, as administrator with the will annexed of the estate of Mortimer F. Babcock, deceased, commenced this action in Orange County against Clara T. Schaefer, as executrix of the last will and testament of Cora Cline Babcock, deceased, to quiet title to personal property and to recover the sum of $31,433 alleged to be in the possession of the defendant and listed by her as an asset of the estate of Cora Cline Babcock, deceased, in probate proceedings filed in said estate. The funds so listed are the proceeds of bank accounts which were formerly in the joint names of Cora Cline Babcock and Mortimer F. Babcock, and held by them as joint tenants.

Cora Cline Babcock died on April 10, 1950, and Mortimer F. Babcock died on June 4th of the same year. Plaintiff claims all of said money as the sole and separate estate of Mortimer F. Babcock, deceased.

Defendant, Clara T. Schaefer, resides in the county of Los Angeles and appeals from an order denying her motion for change of venue to the county of her residence.

It is alleged in the first cause of action of the complaint, among other matters:

"That the defendant Clara T. Schaefer as Executrix of the estate of Cora Cline Babcock has taken, or is in constructive possession of, the said money in the sum of $31,443.00, and claims the same as a part of the estate of Cora Cline Babcock, deceased, and further claims that plaintiff has no right of possession thereof, and that the estate of Mortimer F. Babcock, deceased, has no right, title or interest therein."

And in the second cause of action:

"That the defendant is indebted to the plaintiff, at and within the County of Orange, State of California, in the sum of $31,443.00 for money had and received by the defendant to and for the use of the plaintiff.

"That no part of said sum of $31,443.00 has been paid though the plaintiff has demanded the same from the defendant."

The prayer is that the defendant be required to set forth the nature of her claims to said money and that she be restrained and enjoined from claiming or asserting any right, title or interest thereto; that it be decreed by the court that said funds were the separate property of Mortimer F. Babcock; that the defendant, as executrix, be ordered to deliver to plaintiff the said funds, and for such other and further relief as to the court may seem meet and proper.

Defendant claims that both causes of action are statements of claims against her personally; that the reference to her as executrix is descriptive and surplusage; that the causes of action are transitory and defendant is entitled to a change of place of trial to Los Angeles County.

The general rule is that a defendant has the right to have certain actions tried in the county of his residence; that the right of a plaintiff to have an action tried in another county than that in which the defendant has his residence is exceptional, and if the plaintiff would claim such right, he must bring himself within the terms of the exception. (*Lyons* v. *Brunswick-Balke Etc. Co.*, 20 Cal.2d 579, 584 [127 P.2d 924, 141 A.L.R. 1173] ; *Bybee* v. *Fairchild*, 75 Cal.App.2d 35, 37 [170 P.2d 54].) It is also well settled that an action cannot be maintained against the personal representative of an estate in his representative capacity for a tort committed by him. (*Monahan* v. *Blossom*, 88 Cal.App.2d 951, 952 [199 P.2d 738] ; *Luscomb* v. *Fintzelberg*, 162 Cal. 433, 443 [123 P. 247].)

We conclude that the proper place for trial of the instant action is in Orange County by reason of the provisions of section 395.1 of the Code of Civil Procedure, which reads as follows:

"When a defendant is sued in his official capacity as executor, administrator, guardian or trustee, on a claim for the payment of money or for the recovery of personal property, the county which has jurisdiction of the estate which he represents shall be the proper county for the trial of the action."

Unquestionably the action is brought in accordance with the provisions of this section. It is against the defendant in her official capacity as executrix. It is for the payment of money and for the recovery of personal property. The complaint alleges that the defendant, "as executrix," has the possession of the funds in question and claims the same as a part of the estate of Cora Cline Babcock, deceased. There is no allegation that the defendant, individually or personally, misappropriated said funds or converted the property to her own use. It does not appear from the record before us that the defendant was served with process as an individual. She appears by demurrer in her official capacity as executrix and not individually.

The right of the moving party to a change of venue depends upon the conditions existing at the time the demand is made. The parties defendant, as revealed by the pleadings

existing at the time the demand is made and the demurrer is filed are the only parties to be considered on a motion for change of place of trial. (*Kallen* v. *Serretto*, 126 Cal.App. 548, 549 [14 P.2d 917].)

The order denying defendant's motion for a change of place of trial is affirmed.

Barnard, P. J., and Griffin, J., concurred.