[Civ. No. 4719.   Fourth Dist.   Dec. 4, 1953.]

PATRICIA J. MORLEY JONES et al., Appellants, v. MARILYN S. McGINNIS, as Administratrix, etc., Respondent.

Harold Payne for Appellants.

H. T. Ellerby for Respondent.

MUSSELL, J.—The complaint, in this action to recover for injury to persons and personal property arising from a collision between automobiles which occurred on the Twentynine

Palms Highway in San Bernardino County on November 10, 1951, was filed in the superior court of said county on July 22, 1952. In this collision Raymond S. Schieldge, Sr., and Sophie Schieldge, his wife, driver and passenger respectively in one of the automobiles involved, lost their lives.

Marilyn S. McGinnis, who was appointed administratrix of the estates of the decedents, is a resident of Los Angeles County and the estate proceedings of the named decedents are pending therein. Defendant Marilyn S. McGinnis was served with process and is being sued not as an individual but in her capacity as administratrix. In reliance upon the provisions of section 395.1 of the Code of Civil Procedure, defendant-respondent filed a demurrer and notice of motion for change of the place of trial to Los Angeles County. This motion was supported by an affidavit of merits further alleging that the estates of said decedents are situated in the county of Los Angeles. The trial court granted the motion and plaintiffs appeal from the order granting it.

Section 395.1 of the Code of Civil Procedure was added by Statutes of 1943, chapter 1043, section 1, and provides as follows:

"When a defendant is sued in his official capacity as executor, administrator, guardian or trustee, on a claim for the payment of money or for the recovery of personal property, the county which has jurisdiction of the estate which he represents shall be the proper county for the trial of the action."

█ Defendant was sued in her official capacity as administratrix and it is alleged in the complaint that the action is founded upon claims for money presented to the defendant administratrix. The county of Los Angeles has jurisdiction over the estates involved herein. Clearly, the action falls within the definition of actions described in said section and the proper place for the trial of said action is in Los Angeles county. (*Abbey* v. *Schaefer*, 108 Cal.App.2d 554 [239 P.2d 44].)

█ Plaintiffs argue that under the provisions of section 395, subdivision 1, of the Code of Civil Procedure, the proper county for the trial of the instant action is either the county where the injury occurred or the county in which the defendants or some of them resided at the commencement of the action. However, when this statute was last amended in 1951, section 395.1 was in effect and section 395 does not purport to prescribe the proper county for the trial of cases for which specific provision has been made in the code. A

reference in section 395 to "all other cases" is to cases other than those described in section 395.1. Moreover, section 395 is expressly made subject to the power of the court to transfer actions or proceedings as provided in part 2, title 4 of the code, and section 395.1 is included in said title.

Plaintiffs contend that section 395.1 is unconstitutional because it violates article 4, section 25 of the state Constitution prohibiting special laws. This contention is without merit. Section 395 was held to be constitutional in *Rains* v. *Diamond Match Co.*, 171 Cal. 326 [153 P. 239] and *Gridley* v. *Fellows*, 166 Cal. 765, 768-769 [138 P. 355], where the court, in considering the 1911 amendment providing for the trial of actions such as we have before us, said:

"The provision of the amendment of section 395 in question, it is true, applies only to specified classes of cases. But it applies alike in every part of the state to all actions embraced in the classes described. Consequently it is not a local law. It cannot be deemed a special law forbidden by the constitution if it is addressed to a class or classes based on some natural, intrinsic, or constitutional distinction or difference, reasonable and substantial, between these actions and others not included and sufficient in some reasonable degree to account for or justify the making of the different rule. Statements of this proposition have been made, in different words but substantially to the same effect, in many decisions. The leading case is *Pasadena* v. *Stimson*, 91 Cal. 251 [27 Pac. 604]. The latest enunciation of the rule is that set forth in *Ex parte Miller*, 162 Cal. 698 [124 Pac. 427], where many other cases on the subject are cited."

The same reasoning as there set forth applies to the constitutionality of the provisions of section 395.1 of the Code of Civil Procedure.

The order granting the motion for change of place of trial to the county of Los Angeles is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied December 22, 1953, and appellants' petition for a hearing by the Supreme Court was denied January 27, 1954.