[Civ. No. 8717.   Third Dist.   Dec. 8, 1955.]

JOE R. RAMOS, Respondent, v. BETTY J. CYPHER, as Administratrix, etc., Appellant.

King & Ghidella for Appellant.

Leo C. Dunnell, William H. Herbert, Adey May Dunnell, Sinclair M. Dobbins and Walter W. Weir, Jr., for Respondent.

VAN DYKE, P. J.—Plaintiff, Joe R. Ramos, brought this action against the above named defendants asking for a declaration of his rights and duties and a determination of his obligations arising out of a series of transactions with C. L. Cypher, during his lifetime, his administratrix after his death, Peerless Casualty Company, and the city of Vacaville.   The

administratrix moved that the place of trial be changed to the county of Napa, in which county the estate of her decedent was being probated, claiming that she was entitled to such order by virtue of the provisions of section 395.1 of the Code of Civil Procedure. Her motion was denied, and from the order of denial she appeals.

The complaint sets forth the following matters: During the lifetime of Cypher, plaintiff contracted with him to construct certain street improvements in a subdivision owned by plaintiff and located in the city of Vacaville, county of Solano. Cypher failed to do the work in accordance with the ordinance requirements of the city and the city refused to accept the streets as so improved. Thereafter it was agreed between Cypher and the city that the city would conditionally approve and accept the streets, provided that Cypher would undertake a program of repair and completion estimated to cost $6,000, and secure his performance thereof by a surety bond. Ramos agreed that if Cypher would enter into that undertaking he would release to him the moneys he had been holding back under the contract between himself and Cypher. Peerless Casualty Company bonded Cypher in the sum of $6,000 to perform the rectifying work, naming Ramos as obligee. However, Cypher did not perform the work. Thereupon the city performed it at a cost of over $8,000 and claimed a right to recover that sum from Ramos. Ramos had demanded, before the city performed the work, that the administratrix of the estate of Cypher perform the work of rectification which Cypher was bound to do and the administratrix refused. Ramos demanded the penalty of the bond of the bonding company and the company refused, claiming it was not liable. Ramos filed a claim contingent in character against the estate of Cypher for the amount which the city claimed a right to recover against him or for such portion of that sum for which Ramos might be held to be responsible by reason of the failure of Cypher to comply with the terms and conditions of the agreement for the rectification of the street work. By this action Ramos sought to have the rights and obligations of the parties determined.

Section 395.1 of the Code of Civil Procedure provides:

"When a defendant is sued in his official capacity as executor, administrator, guardian or trustee, on a claim for the payment of money or for the recovery of personal property, the county which has jurisdiction of the estate which he

represents shall be the proper county for the trial of the action."

At the outset it is necessary, in order that appellant prevail, that this be a suit on a claim for the payment of money of the estate or for the recovery of personal property therefrom. Admittedly it is not a suit for the recovery of personal property. Appellant contends that it is a suit based on a claim for the payment of money. But we think that this action is what it purports to be, a suit for declaratory relief and that any ultimate recovery that may be ordered against the estate, if it be determined that there is liability of the estate to the plaintiff in the action, is incidental only to the prime purpose of the action, which is to obtain a declaratory judgment.

As indicating the wide variance between a suit for declaratory judgment and a suit "on a claim for the payment of money," the following may be considered: It was held in *Coruccini* v. *Lambert*, 113 Cal.App.2d 486 [248 P.2d 457], that where a plaintiff may be entitled to declaratory relief, even though the judgment may be unfavorable to him, the court should not dispose of the case on demurrer. It was also held in *C. Dudley De Velbiss Co.* v. *Kraintz*, 101 Cal.App.2d 612 [225 P.2d 969], that where the complaint alleges an existing actual controversy, the court should not sustain a demurrer thereto and dismis the action, since it is not essential to entitle plaintiff to seek declaratory relief that he should establish his right to a favorable declaration, and that, even where the plaintiff is not entitled to a favorable declaration, yet the court should render judgment and should not merely dismiss the action. It was held in *Moss* v. *Moss*, 20 Cal.2d 640, 642 [128 P.2d 526, 141 A.L.R. 1422], that declaratory relief may be refused even where a cause of action for such relief is stated under the statute if it appears to the trial court, in the exercise of its discretion, that such determination is not necessary or proper at the time and under all the circumstances. The statute itself declares that the plaintiff in an action for a declaration of rights may ask such declaration either alone or with other relief and that the court may make a binding declaration of such rights or duties whether or not further relief is or could be claimed at the time. Indeed, a suit for declaratory relief may, by express provision of statute, be brought when no cause of action exists in the usual sense of that phrase. Enough has been said, we think, to indicate the

wide difference between a proper petition for declaratory relief and an ordinary action for the payment of money.

Returning to the complaint in the present case it is to be noted that neither in the claim which petitioner says he filed against the estate being administered by the appellant nor in his pleading for declaratory relief herein, does he affirmatively allege that he has any claim against the estate. It may turn out that for one reason or another the city has no valid claim for reimbursement against the petitioner. In that event petitioner admits he has no claim for recoupment from the estate. We are satisfied that this is a typical suit for declaratory relief and is not a suit against the administratrix in her official capacity on a claim for the payment of money from the funds in her hands as such. Therefore, the order of the trial court denying her petition for change of venue was correct.

The order appealed from is affirmed.

Peek, J., and Schottky, J., concurred.