[Civ. No. 31372.   Second Dist., Div. Three.   May 27, 1968.]

AMERICAN MACHINE & FOUNDRY CO., Plaintiff and Respondent, v. PETER H. PITCHESS, as Sheriff, etc., Defendant; LATE CORPORATION et al., Real Parties in Interest and Appellants.

Stapleton & Isen, F. G. Stapleton and Gerald F. Miller for Real Parties in Interest and Appellants.

Gibson, Dunn & Crutcher, John L. Endicott and Bruce A. Toor for Plaintiff and Respondent.

No appearance for Defendant.

FRAMPTON, J. pro tem.*—The record herein discloses that on October 21, 1966, American Machine and Foundry Co., hereinafter referred to as respondent, filed separate actions in the Superior Court for the County of Los Angeles seeking the recovery or the value of personal property. One of the actions bearing civil number 896163 named Late Corporation and Mango Corporation, appellants here, as defendants. The other action bearing civil number 896164 named Card Corporation and Hold Corporation, appellants here, as defendants. The property sought to be recovered in action number 896163 consisted of 32 pinspotting machines and

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

other equipment valued at $150,800.85. The property sought to be recovered in action number 986164 consisted of similar machines and equipment valued at $140,203.50. On or about October 26, 1966, respondent filed with the Sheriff of Los Angeles County affidavits for claim and delivery in each of the aforesaid actions setting forth facts showing that respondent was entitled to the possession of the pinspotting machines and equipment. Respondent further obtained an undertaking for double the value of the property stated in the affidavit for claim and delivery, and filed one such undertaking with the sheriff in each such action. Respondent further instructed the sheriff on or about October 26, 1966, to take the property described in the affidavits from the defendants denominated therein.

On October 28, 1966, Late Corporation and Mango Corporation filed their answer to the complaint in action number 896163, and on the same date Card Corporation and Hold Corporation filed their answer to the complaint in action number 896164. Subsequent to October 28, 1966, the sheriff refused to take the property claimed in each action on the ground that he had no duty or authority to execute claim and delivery process at any time after the filing of an answer by the defendants.

Following the sheriff's refusal to take the property into his possession, respondent filed its petition for writ of mandate to compel the sheriff to take the property and retain it in his custody pursuant to the instructions theretofore delivered to him by respondent. After hearing the trial court rendered judgment directing that a peremptory writ of mandate be issued requiring the sheriff to take the property described in the two actions pursuant to the provisions of sections 509 through 512 of the Code of Civil Procedure and pursuant to the instructions of respondent theretofore given in said actions, and to deliver such property to the respondent. Thereafter, Late, Mango, Card and Hold Corporations, who were not made parties to the mandate proceedings, filed their motion to vacate the judgment on the grounds that they were the real parties in interest and that they were aggrieved by the judgment. The motion to vacate the judgment was denied. The appeal is from the judgment and from the order denying the motion to vacate the judgment.

The question involves the interpretation to be placed on the language contained in section 509 of the Code of Civil Proce-

dure.[2] The appellants contend that if the levying officer has not seized the property or exercised some dominion and control over it before the answer is filed by the defendant, the filing of the answer precludes any further action on his part. The respondent contends that when the plaintiff has complied with the provisions of sections 510, 511 and 512 of the Code of Civil Procedure by delivering the affidavit, the notice or instructions, and the written undertaking to the sheriff, constable, or marshal of the county where the property claimed may be, before the filing of the answer, the plaintiff has claimed the delivery of the personal property, and it then becomes the duty of the officer to take the property even though an answer has been filed after such compliance but before such officer has taken physical possession thereof or has exercised dominion and control over such property. The precise question presented is one of first impression in this state, and, according to appellants' counsel, after search, they have been unable to find authority in other jurisdictions having statutes similar to section 509 of the Code of Civil Procedure which throws light on the question. We have found no case precisely in point.

The sections of the Code of Civil Procedure relating to claim and delivery of personal property (§§ 509-521) create a provisional remedy which affords the plaintiff the right of immediate possession of the property involved in the action for specific recovery of the property without waiting for trial and judgment. (See 1 Witkin, Cal. Procedure (1954) § 8, p. 847.) The word "claim" is one of common meaning. (*People* v. *Teitelbaum*, 163 Cal.App.2d 184, 212 [329 P.2d 157].) It is defined as follows: "1. To demand as rightfully belonging or due to one; ask for on the basis of right or authority; assert one's right to, as a title, accomplishment, etc. that should be recognized; as, he claimed the record in the high jump. 2. to call for; require; deserve: as, this problem claims our attention. 3. to state as a fact; assert; maintain: a frequent and valid sense, despite objections. v.i. to assert or put forward a claim. n. 1. a demand for something rightfully or allegedly due; assertion of one's right to something: . . . 3. something claimed, as a piece of land staked out by a settler

[2]Code of Civil Procedure, section 509 reads: ''The plaintiff in an action to recover the possession of personal property may, at the time of issuing the summons, or at any time before answer, claim the delivery of such property to him as provided in this Chapter.''

or miner. 4. a statement of something as a fact; assertion.''
(Webster's New World Dictionary, College Ed., p. 268.)

We are of the opinion that a plaintiff has claimed the delivery of personal property within the meaning of the provisions of chapter 2, part 2, title 7 (§§ 509-521) of the Code of Civil Procedure when he has made the affidavit required by section 510 thereof; has indorsed the affidavit as required by section 511 thereof; has obtained the written undertaking as required by section 512 thereof, and has delivered these documents to the officer charged with the duty of taking possession of the personal property at any time before the filing of the answer, and that the filing of the answer after such delivery and before the officer takes physical possession or exercises dominion and control over the property does not preclude the officer from taking the property under the mandate of section 512 of the Code of Civil Procedure. To hold otherwise would sanction the destruction of plaintiff's right to the provisional remedy afforded him by the law in such cases where the officer charged with the duty to seize the property, for whatever reason connected with the conduct of his office, was unable to forthwith take the property, or where from dilatory tactics on his part he failed to act forthwith, before answer. To hold otherwise would also permit a defendant, who had knowledge of the claim for delivery, to sequester the property for a sufficient time to enable him to file his answer before seizure and thus, by his fraud, defeat the plaintiff's right to the provisional remedy.

The judgment and the order denying the motion to vacate the judgment are affirmed.

Cobey, Acting P. J., and Moss, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 24, 1968.