[Civ. No. 9125. Fourth Dist., Div. One. Apr. 11, 1969.]

BRUNSWICK CORPORATION, Plaintiff and Respondent, v. JOSEPH C. O'CONNOR, as Sheriff, etc., Defendant; LOUIS LESSER ENTERPRISES, INC., Real Parties in Interest and Appellants.

Stapleton & Isen and Gerald F. Miller for Real Parties in Interest and Appellants.

No appearance for Defendant.

Orfield, Thompson, Bunker & Sullivan and Robert G. Sullivan for Plaintiff and Respondent.

BROWN (Gerald), P. J.—Brunswick filed a complaint at 2:11 p.m. on September 29, 1967 in the San Diego Superior Court to recover possession of bowling equipment, immediately gave the sheriff an affidavit, undertaking and endorsement for claim and delivery, under Code of Civil Procedure, sections 510-512, and directed the sheriff to take possession of the equipment. Appellants filed an answer to the complaint at 4:47 p.m. that afternoon, before the sheriff seized the equipment.

When the sheriff refused to take possession of the equipment Brunswick brought this mandamus proceeding requiring him to do so. From a judgment favoring Brunswick the intervening parties in possession of the bowling equipment have appealed.

The sole issue involves the meaning of Code of Civil Procedure, section 509, particularly the words ''claim the delivery,'' which provides: ''The plaintiff in an action to recover the possession of personal property may, at the time of issuing the summons, or at any time before answer, *claim the delivery* of such property to him as provided in this chapter.'' (Italics added.)

To be effective before answer, does "claim the delivery" require the sheriff to actually seize or take possession of personal property, as contended by appellants? Or is it sufficient, as contended by Brunswick, to have the necessary papers placed with the sheriff? We hold Brunswick's contention is correct. Brunswick claimed the delivery of the equipment before appellants answered. The superior court, therefore, properly entered judgment requiring the sheriff to take possession of the equipment.

That claim the delivery is different from and does not encompass seizure or taking possession is apparent when viewed in the context of the entire chapter on "Claim and Delivery of Personal Property" in the Code of Civil Procedure. Section 510 provides for the content of the affidavit "Where a delivery is claimed." Sections 511 and 512 provide for "seizure of claimed property"; after the plaintiff claims delivery, the "officer must forthwith take the property . . . and retain it in his custody." Section 514 provides for "delivery of the property to the plaintiff" and the method by which a defendant may obtain its return; section 518 also provides for custody of property seized and delivery to the party entitled to it.

The trial court reasoned: section 509 provides the plaintiff may at the time of issuing the summons claim the delivery of the property; if "claim the delivery" means, as contended by appellants, the actual seizure of the property by the sheriff, this could not be done "at the time of issuing the summons," and that portion of the statute would be rendered meaningless.

 The matter is now clearly settled by *American Machine & Foundry Co.* v. *Pitchess,* 262 Cal.App.2d 490 [68 Cal.Rptr. 814], where the court, on similar procedural facts, aptly concluded: ". . . a plaintiff has claimed the delivery of personal property within the meaning of the provisions of chapter 2, part 2, title 7 (§§ 509-521) of the Code of Civil Procedure when he has made the affidavit required by section 510 thereof; has indorsed the affidavit as required by section 511 thereof; has obtained the written undertaking as required by section 512 thereof, and has delivered these documents to the officer charged with the duty of taking possession of the personal property at any time before the filing of the answer, and that the filing of the answer after such delivery and before the officer takes physical possession or exercises dominion and control over the property does not preclude the officer

from taking the property under the mandate of section 512 of the Code of Civil Procedure. To hold otherwise would sanction the destruction of plaintiff's right to the provisional remedy afforded him by the law in such cases where the officer charged with the duty to seize the property, for whatever reason connected with the conduct of his office, was unable to forthwith take the property, or where from dilatory tactics on his part he failed to act forthwith, before answer. To hold otherwise would also permit a defendant, who had knowledge of the claim for delivery, to sequester the property for a sufficient time to enable him to file his answer before seizure and thus, by his fraud, defeat the plaintiff's right to the provisional remedy." (P. 494.)

The judgment is affirmed.

Coughlin, J., and Whelan, J., concurred.