[Civ. No. 44459. Second Dist., Div. One. Apr. 29, 1975.]

In re the Marriage of CAROLE A. and ANTHONY R. MILCH.
CAROLE A. MILCH, Appellant, v.
ANTHONY R. MILCH, Respondent.

**COUNSEL**

Monteleone & McCrory and Wilmer E. Windham for Appellant.

Thomas H. Greenwald for Respondent.

OPINION

**THOMPSON, J.**—In this appeal from an order of the superior court reducing respondent's (Husband's) obligation to pay child support, appellant (Wife) contends: (1) Husband was barred from relief because he was in contempt of the court granting it; and (2) the trial court abused its discretion in granting the order. Neither contention finds any support in the record.

Husband and Wife were married on May 14, 1960. The trial court entered its interlocutory decree of divorce on Wife's complaint on May 31, 1966. The decree awarded custody of the four children of the marriage to Wife and ordered Husband to pay child support at the rate of $80 per child per month, a total of $320. On March 16, 1972, Husband filed an order to show cause initiating a proceeding to award him custody of one of the children and to increase the support payments to Wife for the remaining three children to $100 per month per child, a total of $300. Wife countered with an order to show cause re contempt, claiming delinquencies in payments by Husband, an application for a writ of execution to collect delinquent support payments, and an order to show cause asking that she retain custody of all the children and that their support be increased to $125 per month per child.

Husband's financial declaration in support of the March 16, 1972, order to show cause shows a total monthly gross income of $1,355.99 and itemized deductions from gross income of $608.71, leaving a net of $747.28. His expenses are listed at $942.11 per month including payments for child support. Wife's responsive financial declaration shows income only from child and spousal support payments. She lists her expenses as $733.19 per month.

The controversy arising out of the March 1972 proceedings was settled by stipulation. The trial court awarded custody of one child to Husband. Wife waived all claims for arrearages in child and spousal support and Husband quitclaimed to her all of his interest in a parcel of real property. Wife waived all future claims for spousal support and Husband agreed to pay Wife $121 per month for each of the three children of which Wife retained custody, a total of $363 per month. Husband agreed also to pay all ordinary medical and dental expenses of the children in Wife's custody and all extraordinary medical expenses not covered by insurance in excess of $37.50 for each child for each illness. The stipulation was incorporated in an order of the trial court.

Sometime in the latter part of 1973, Wife apparently filed an order to show cause re contempt, claiming that Husband had not made child support and medical payments as required by the order entered in 1972.[1] Husband filed an order to show cause seeking a modification of the order to reduce child support. Husband's financial declaration in support of his application shows a total monthly gross income of $982.64 and total monthly deductions of $378, with a net monthly income of $604.56. The document shows monthly expenses of $646, computed without regard to child support payments.

At hearing on the orders to show cause, Husband's financial declaration was received in evidence without objection. A financial declaration of Wife was apparently also received in evidence but is not incorporated in the court file or in the clerk's or reporter's transcript. The declaration has not been transmitted to us as an exhibit. Other evidence received at the hearing confirmed the general tenor of Husband's financial declaration after taking into account the proposition that his employment was seasonal by reason of production schedules of the television industry. In the year 1973, Husband worked only seven and one-half months, while drawing unemployment compensation for the remainder of the year. He also had established his own business but that activity had not yet generated any income. Wife had become employed, earning $400 per month net after deductions.

While Husband was partially in arrears in payments of four installments of child support and had not paid extraordinary medical bills, his failure was due to lack of finances and was not willful.

The trial court exonerated Husband of Wife's charge of contempt. Basing its order upon Husband's 1973 "take-home pay" and the fact that Wife was then earning $400 per month, the court reduced Husband's obligation for child support from $121 per month per child to $90 per month per child. This appeal by Wife followed.

■ Wife's contention that Husband was barred from relief in the trial court by reason of his being in contempt of its order is frivolous. ■ While a party adjudged in contempt of an order of court lacks standing to seek a modification of the order he has disobeyed (*Schubert* v. *Superior Court,* 109 Cal.App. 633 [293 P. 814]), a party not so

---

[1]No order to show cause re contempt can be found in the clerk's transcript or the court file. The parties treat the matter as if one exists. The trial court accepted that assumption as do we on this appeal.

adjudicated contemptuous is not barred from seeking a modification by the fact that he is not in full compliance with the order which he seeks to have modified. (See *Archer* v. *Superior Court,* 81 Cal.App. 742 [254 P. 939].) ■ Here Husband was expressly exonerated from Wife's charge of contempt by reason of a clear showing of lack of ability to comply. The order of the trial court to that effect is not appealable. (Code Civ. Proc., § 1222; *Kyne* v. *Eustice,* 215 Cal.App.2d 627, 635 [30 Cal.Rptr. 391].)

■ Wife's contention that the trial court abused its discretion in modifying the judgment to reduce child support payments is equally frivolous. ■ It is the appellant's burden to establish affirmatively that the trial court abused its discretion in entering its order modifying the child support obligation. (*Wolfe* v. *Wolfe,* 30 Cal.2d 1, 5 [180 P.2d 345].) In determining whether appellant-Wife has met that burden, we are required to resolve any conflicts in the evidence in support of the determination of the trial court and to accept all reasonable inferences from the evidence that may be drawn in support of that decision. (*Philbin* v. *Philbin,* 19 Cal.App.3d 115, 119 [96 Cal.Rptr. 408].) ■ Wife seeks to carry her burden by arguing that there is no evidence of changed circumstances justifying the modification. The argument finds no support whatever in the record. It is clear that Husband's income decreased materially from the time of the 1972 order which the court modified. His gross income was $1,355.99 per month at the time of the original order, and $982.64 at the time of the modification. His net income after deductions had been reduced from $747.28 to $604.56 per month. Wife's earnings had increased in the same period from zero to a net of $400 per month. Those factors in combination are substantial evidence supporting the conclusion reached by the trial court. (*Miller* v. *Miller,* 11 Cal.App.3d 197, 201 [89 Cal.Rptr. 643].)

Ignoring the fact that the 1972 order was entered based upon evidence as of March 16 of that year, appellant seeks to equate the situation as of the time of the order with that existing at the time of the modification by arguing that the evidence establishes that Husband was also unemployed for a substantial period in 1972. Nothing in the record indicates, however, that his period of unemployment predated March 16. The circumstances underlying the 1972 order are those which must be compared with those at the time of the 1974 order in determining a change. What happened after the 1972 order was entered cannot be utilized retrospectively to establish the set of circumstances which underlay the original order for child support.

Judicial dissolution of marriage generally places a severe strain upon the finances of the parties, often requiring a court to do its best to divide an admittedly inadequate total income in a fashion which comes close as possible to meeting need. Expenses of litigation exacerbate the strain. Counsel for the parties are obligated to employ a firm hand to avoid procedures which needlessly increase those expenses. Here that firm hand was clearly not employed and a frivolous appeal was prosecuted by counsel for Wife.

For that reason, pursuant to Code of Civil Procedure section 907 and rule 26, California Rules of Court, a sanction in the amount of $250 is imposed upon Wife's counsel payable to Husband. The judgment (order) is affirmed.

Lillie, Acting P. J., and Hanson, J., concurred.