62 Cal.App.3d 30 (1976)
133 Cal. Rptr. 355
ARTHUR F.X. METZGER, Plaintiff and Respondent,
v.
DOROTHY K. SILVERMAN et al., Defendants and Appellants.
Docket No. 110797.
Court of Appeals of California, Appellate Department, Superior Court, Santa Barbara.
September 8, 1976.
*33 COUNSEL
Falcone & Falcone, A.V. Falcone and Dewey Lawes Falcone for Defendants and Appellants.
Price, Postel & Parma and J. Terry Schwartz for Plaintiff and Respondent.
OPINION
JENSEN, J. 

ISSUES
This venue case presents two novel issues. First, must all actions brought against an executor to recover money or personal property be commenced in the county which has jurisdiction over the estate? Second, if an action is erroneously commenced in the wrong county, under what circumstances may attorney fees be awarded pursuant to Code of Civil Procedure, section 396b?

FACTS
Appellant Silverman is the administratrix of an estate being administered in Los Angeles County. Appellant Falcone is the attorney for the *34 administratrix who practices law in Los Angeles County. Both appellants reside in Los Angeles County. Respondent is a resident of Santa Barbara County.
In 1972, Mr. Falcone telephoned Mr. Metzger to seek his assistance on certain tax matters. Mr. Metzger accepted the job and the documents were mailed to him in Santa Barbara County.
Most of the tax work was performed in Santa Barbara County and in 1973 respondent submitted a bill for his services to the estate. The bill was not paid and, in 1975, respondent filed an action in the Santa Barbara Municipal Court against appellants seeking to recover the value of the services rendered.
After service was effected, counsel for appellants wrote to respondent's counsel demanding that the action be forthwith transferred to the Los Angeles Municipal Court. Counsel for respondent refused to accede to this request.
Appellants then filed both an answer and a motion for a change of venue, together with a request for attorney fees. The motion was denied and appellants filed a timely notice of appeal.

DISCUSSION

I
Preliminarily, we note that the municipal court had jurisdiction to entertain the motion and request for attorney fees since both the motion and the answer were filed on the same day. (Code Civ. Proc., § 396b.) Further, an order by a municipal court changing or refusing to change the place of trial is appealable. (Code Civ. Proc., § 904.2, subd. (c).) We proceed to the merits.

II
Prior to 1943, it was held that a suit on a rejected claim could be brought in the county where the executor or administrator resided, even though the estate was being administered in a different county. (Chiapella v. County National Bank (1933) 217 Cal. 503 [19 P.2d 983]; Vickerson v. Wehr (1941) 42 Cal. App.2d 678, 680 [109 P.2d 743].) Indeed, before 1943, an executor could have an action transferred to the county where *35 he resided. (Thompson v. Wood (1896) 115 Cal. 301 [547 P. 50].) In 1943, section 395.1 of the Code of Civil Procedure was enacted. It provides: "When a defendant is sued in his official capacity as executor, administrator, guardian, or trustee, on a claim for the payment of money or for the recovery of personal property, the county which has jurisdiction of the estate which he represents shall be the proper county for the trial of the action."
Since this section was enacted, it has been consistently held that where an action for the recovery of money or personal property is brought against an executor or guardian, serving in his official capacity, the action must be brought in the county which has jurisdiction over the estate. (See e.g., Abbey v. Shaefer (1952) 108 Cal. App.2d 554 [239 P.2d 44] (Because the suit was brought to recover funds held by the executrix, she could not have the action transferred to her place of residence.); Jones v. McGinnis (1953) 121 Cal. App.2d 720 [263 P.2d 907] (Although the accident occurred in San Bernardino County, the personal injury action brought against the estates of two decedents was properly transferred to Los Angeles County where the estates were being administered.); Campbell v. Nichols (1959) 167 Cal. App.2d 329 [334 P.2d 618] (Suit alleged that Alice Tubbs converted funds from the Hagar estate, which was administered in Colusa County. At the time of suit, Alice Tubbs had died and her estate was being administered in San Francisco County. The order changing venue to San Francisco County was affirmed on the ground that Alice Tubb's estate consisted mainly of personal property, and the suit was brought to impress a trust on property derived from the Hagar estate.); Haines v. Lamb (1962) 206 Cal. App.2d 322 [24 Cal. Rptr. 146] (Suit was brought by trustor to recover funds which had passed into the hands of a guardian of the estate of a minor. The court held that since the guardian had not been discharged, the suit was properly brought where the guardianship was being administered, even though both the guardian and ward resided elsewhere.).) On the other hand, this section has been held inapplicable where the suit seeks declaratory relief as to the existence of a contingent obligation, (Ramos v. Cypher (1955) 137 Cal. App.2d 648 [290 P.2d 585]) or seeks to quiet title and cancel a note and deed of trust. (Beutke v. American Securities Company (1955) 132 Cal. App.2d 354, 362 [282 P.2d 201].)
Respondent urges that section 395.1 was enacted to overcome the rule in Vickerson v. Wehr, supra, a decision which involved a suit on a rejected creditor's claim. (See Condee, Probate Court Practice (2d ed. *36 1964) § 794, at pp. 519-520.) He, therefore, reasons that section 395.1 is applicable to suits on rejected creditor's claims.
We are unable to find any legislative history or reported decisions concerning the meaning of the word "claim" used in section 395.1. (1-3) We must, therefore, interpret the statute in accordance with applicable rules of statutory construction, fundamental among which are those which counsel that the aim of such construction should be the ascertainment of legislative intent so that the purpose of the law can be effectuated; that a statute should be construed with reference to the entire statutory system of which it forms a part in such a way that harmony may be achieved among the parts; and that courts should give effect to statutes according to the usual import of the language used in framing them (People ex rel. Younger v. Superior Court (1976) 16 Cal.3d 30, 40 [127 Cal. Rptr. 122, 544 P.2d 1322] (citations omitted).
(4) The word "claim" is one of common meaning and is defined by Webster's Dictionary to mean simply a demand for something rightfully or allegedly due. (See American Machine & Foundry Co. v. Pitchess (1968) 262 Cal. App.2d 490, 493-494 [68 Cal. Rptr. 814].) (5) If the Legislature intended that the statute was to apply only to suits against executors upon rejected creditor's claims, it would have employed different language to achieve that purpose. Instead, the venue statute was made applicable to suits against executors, guardians, and other fiduciaries. Since Probate Code section 707 does not govern the manner in which demands are made against guardians, it seems evident that the Legislature did not intend that the venue statute was applicable only to suits upon rejected claims.
If section 395.1 applied only to suits brought upon rejected creditors' claims, other procedural problems would arise. For instance, Probate Code, section 707 is expressly applicable to actions for conversion brought against a testator. However, a person need not file a claim to impress a constructive trust, resulting trust, to obtain specific performance, or to recover specific property which does not belong to the estate. (See 7 Witkin, Summary of Cal. Law (8th ed. 1974) § 423, pp. 5873-5874.) Thus, if we were to accept respondent's theory, the rules respecting the venue of actions to recover personal property might be controlled by the form of the action. This runs counter to the very language of the statute.
*37 We, therefore, conclude that the word "claim" used in section 395.1 of the Code of Civil Procedure does not have a technical meaning and that all actions brought to recover money or personal property against an executrix, executor, administrator, guardian, or trustee must be brought in the county which has jurisdiction over the estate.
This result is both logical and practical. When an executor, guardian, or trustee is appointed to serve in a fiduciary capacity in a given county, he should not be required to travel to distant parts of the state to defend lawsuits brought to recover money allegedly owed by the estate. This rule also gives protection to creditors of the estate since they can rest assured that their lawsuit will proceed in a predictable forum, and an executor will not be able to remove the case to a different county where the executor happens to reside. Finally, since the action must be brought in the county which has jurisdiction over the fiduciary, both parties will have immediate access to records on file in the superior court relating to the estate, guardianship, or trust.

III
(6) Except as attorney fees are specifically provided by statute, the measure and mode of compensation ... is left to the agreement of the parties. (Code Civ. Proc., § 1021.) Thus, unless a suit is brought on a contract providing for attorney fees, the court has no power to award attorney fees to the prevailing party even if the action was frivolous and brought in bad faith. (See Young v. Redman (1976) 55 Cal. App.3d 827, 833-839 [128 Cal. Rptr. 86].)
Likewise, the prevailing party has no cause for negligence against his adversary's lawyer. He may maintain an action against the lawyer for malicious prosecution only if the lawyer prosecutes an action which a reasonable lawyer would not regard as tenable or unreasonably neglects to investigate the facts or law. (Norton v. Hines (1975) 49 Cal. App.3d 917 [123 Cal. Rptr. 237]; Tool Research & Engineering Corp. v. Henigson (1975) 46 Cal. App.3d 675 [120 Cal. Rptr. 291].)
In a few circumstances, a court is empowered to make an award of attorney fees against errant counsel. (See e.g., Code Civ. Proc., § 2034, subd. (d); Weinkauf v. Superior Court (1966) 64 Cal.2d 662 [51 Cal. Rptr. 100, 414 P.2d 36] (lawyer may be ordered to pay fees for his willful refusal to answer interrogatories); Code Civ. Proc., § 907; rules 26(a), *38 135(a) Cal. Rules of Court; 6 Witkin, Cal. Procedure, (2d ed. 1971) § 479, pp. 4435-4436; In re Marriage of Milch (1975) 47 Cal. App.3d 666, 671 [120 Cal. Rptr. 901] (an Appellate Court may award attorney fees against appellant's counsel for prosecuting a frivolous appeal.) Until recently, however, no statute authorized a court to impose sanctions upon counsel who brought the action in the wrong court. The successful party could only bring an action against his opponent for abuse of process if he proved that the action was filed in the wrong county for an ulterior wrongful purpose. (E.g., Barquis v. Merchants Collection Assn. (1972) 7 Cal.3d 94, 103-108 [101 Cal. Rptr. 745, 496 P.2d 817].)
In 1974, the Legislature amended section 396b of the Code of Civil Procedure to permit the court to assess attorney fees directly against the attorney who commenced the action in the wrong court. That section provides, in pertinent part, as follows:
"... Upon the hearing of the motion the court shall, if it appears that the action or proceeding was not commenced in the proper court, order the same transferred to the proper court; and in its discretion, the court may order the payment to the prevailing party of reasonable expenses and attorney fees incurred in making or resisting such motion whether or not such party is otherwise entitled to recover his costs of action. In determining whether such order for expenses and fees shall be made, the Court shall take into consideration (1) whether an offer to stipulate to change of venue was reasonably made and rejected, and (2) whether such motion or selection of venue was made in good faith given the facts and law the party making the motion or selecting the venue knew or should have known. As between the party and his attorney, such expenses and fees shall be the personal liability of the attorney not chargeable to the party...."
The statute requires the court to assess whether the attorney acted in good faith after having first skillfully evaluated the facts and reviewed applicable statutes and case law. (7) The phrase "good faith" is ordinarily used to describe that state of mind denoting honesty of purpose, freedom from intention to defraud, and, generally speaking, means being faithful to one's duty or obligation. (People v. Nunn (1956) 46 Cal.2d 460, 468 [296 P.2d 813].) Thus, if, after reviewing the factual and legal presentation made by the losing party, the court finds that no reasonable attorney would have honestly chosen such a forum, and that the forum appears to have been selected to impair defendant's right to *39 defend, an award of attorney fees would be entirely proper. (See Barquis v. Merchants Collection Assn., supra.)
The statute also requires the attorney filing an action, or one opposing a motion for a change of venue, to carefully investigate the facts with a view of determining which court is proper for the trial of the action. If, following a thorough investigation, the attorney has an honest and reasonable belief that his client has a tenable contention, and he believes that he can establish the existence of such facts supporting his choice of venue to the satisfaction of the court, this part of his task is complete. (Norton v. Hines, supra.)
If he determines that his client insists on attempting to present a contention which is not warranted under existing law, and cannot be supported by a good faith argument for a modification of existing law, the attorney may withdraw. (Rules Prof. Conduct, rule 2-111(C) (1)(a).) If the client insists on bringing an action in the wrong forum, and the lawyer determines that this action is solely taken for the purpose of harassing or maliciously injuring the other party, the lawyer must withdraw. (Rules of Professional Conduct, rule 2-111(B)(1).) If the lawyer yields to his client's demands, and files the action in what obviously is the wrong forum, when the court imposes attorney fees upon the lawyer, he will have no one to blame but himself.
(8) Finally, a lawyer is expected to possess knowledge of those plain and elementary principles of law which are commonly known by well informed attorneys, and to discover those additional rules of law which, although not commonly known, may be readily found by standard research techniques. If the law on a particular subject is doubtful or debatable, an attorney will not be held responsible for failing to anticipate the manner in which the uncertainty will be resolved. But even with respect to an unsettled area of the law, an attorney assumes an obligation to his client to undertake reasonable research in an effort to ascertain relevant legal principles and to make an informed decision as to a course of conduct based on an intelligent assessment of the problem. (Smith v. Lewis (1975) 13 Cal.3d 349, 358-359 [118 Cal. Rptr. 621, 530 P.2d 589].)
Most of the rules respecting venue are well settled. An attorney who fails to review the applicable case law, and relevant statutes, before filing an action, or before making a motion to change venue, runs a substantial *40 risk that attorney fees will be assessed against him. While the statute does not require a lawyer to be omniscient, it does require him to demonstrate professional competence. We eschew a more patronizing standard.
To summarize, the court is empowered to assess attorney fees against a lawyer who files an action in the wrong county or a lawyer who files a motion for a change of venue found to be without merit. In considering whether the prevailing party should be awarded his attorney fees and expenses, the court must determine whether a reasonable offer to stipulate to a change of venue was made and rejected and whether the attorney for the losing party carefully investigated the applicable facts and law. Since inquiry into counsel's factual investigation may be precluded by the invocation of the attorney-client privilege, and no adverse inference can be drawn when the privilege is invoked, (Evid. Code, § 913), the court will be primarily concerned with the nature of the facts adduced at the hearing on the motion and counsel's supporting legal argument. If the court finds that fees and expenses should be awarded, the order must direct that the attorney himself pay the attorney fees and expenses for the liability may not be cast upon his client.

IV
(9) Since the trial court erroneously denied the motion for a change of venue, it did not address the issue of whether attorney fees should be assessed against counsel for respondent. If a factual dispute had arisen, we would remand the cause to the trial court. However, no such factual dispute exists. The sole question was whether respondent's interpretation of section 395.1 was correct.
All of the written arguments tendered by the parties are before us. We therefore perceive that the issue of whether respondent's contention was made in good faith is one of law.
First, it is clear that respondent's decision to file the lawsuit in Santa Barbara County was made in good faith and not for the purpose of impairing appellants' ability to defend against the suit. Since the contractual obligation was accepted in this county, and the work was *41 performed here, the suit would have properly been brought in this county if section 395.1 did not apply.[1]
Second, we are satisfied that the question presented was debatable and that research would not have resolved this uncertainty. No reported case discusses the meaning of the word "claim" as is used in section 395.1. Although Mr. Witkin does discuss the venue issue, he does not discuss the import of the word "claim." (See 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 441, p. 1269.) The brief allusion to the origin of the statute mentioned in 1 Condee, Probate Court Practice, section 794, at page 519 is not particularly helpful. Recourse to other reference materials merely makes it abundantly clear that a variety of rules obtain in other jurisdictions. (See Annot., Action Against Representative-Venue, 93 A.L.R.2d 1199 et seq.)
Appellants themselves state that the point under discussion involves the settlement of important questions of law which should be determined by a written published decision for the guidance of other litigants. We have acceded to their request.
Under all these circumstances, we do not feel that counsel for respondent should be faulted for failing to anticipate our resolution of this issue. Since the contention was advanced in good faith, no attorney fees and expenses should be awarded.

DISPOSITION
The order is reversed. Trial court is directed to enter an order transfering the cause to the Municipal Court for the Los Angeles Judicial District of Los Angeles County.
Appellants may recover their costs on appeal.
Westwick, P.J., and Rickard, J., concurred.
NOTES
[1] Respondent, as a person interested in the estate, could have objected to the administratrix' final account, and seek an allowance for his services from the Los Angeles Superior Court. (See Prob. Code, § 902. Estate of McMillin (1955) 46 Cal.2d 121, 127-128 [292 P.2d 881, 56 A.L.R.2d 1175].) We are not told why he did not do so. Neither party has discussed this alternative and we decline to do so.